May Term,
1858.

STATER and Others *v.* HILL.

STATER
v.
HILL.

Where a parol contract for the conveyance of real estate is fair in all its parts, is certain, is for a valuable consideration, does not interfere with the rights of creditors, and is capable of being performed, the Courts will generally decree a specific performance.

In this case the purchaser entered into possession of real estate under a parol contract of sale, the consideration of which was that he should support the grantor and his wife for life. He did so, and also made valuable improvements. *Held,* that the contract was taken out of the statute of frauds.

The finding of a Court upon issues of fact formed under the old practice, but tried under the new, is treated by this Court as if the suit had been instituted under the code.

*Wednesday,
May 26.*

APPEAL from the *Shelby* Circuit Court.

HANNA, J.—This was a proceeding commenced in 1851 by the appellee, under the old chancery practice, by filing a bill, to which there was an answer by a portion of the defendants, without oath, and a default as to others. The issues were made up under that practice. The trial was after our new code of procedure was in force.

The proceeding was to enforce the specific performance of a parol agreement for the conveyance of land. The bill alleges that about the first of *November,* 1847, one *William Jackson* and the complainant made an agreement by which said *Jackson* was to convey to said *Hill* the land in controversy, and certain personal property which said *Jackson* then owned; and in consideration thereof said *Hill* was to take charge and care of, maintain and furnish, the said *Jackson* and wife, who were both then in advanced age and feeble health, during their lives; that in pursuance of said contract, said *Hill* removed his family upon said lands, took possession of said property, and took charge and care of, and furnished and provided for, the said *William* until his death, which was within a few days thereafter, and of *Elizabeth,* the wife of said *William,* until her death, which was about four years and a half thereafter; that he caused them to be decently buried and paid their debts; that he has made valuable and lasting improvements upon said lands, to the amount of five hundred dollars; that when he

moved upon the land *Jackson* was sick, but promised as soon as his health would permit he would make a conveyance of said lands to said *Hill;* that within a few days, his health still· declining, he sent for a justice of the peace to prepare a will by which to devise said lands to said *Hill,* but was not able so to do.

The heirs of said *Jackson* are made defendants. The answer admits that *Jackson* was the owner of the land; that he and his wife died about the time stated in the bill; that the .said *Hill* was living on the said lands at the time they died; but denies that the contract was ever made by said *Jackson* as alleged in the bill. The defendants then allege that said *Jackson,* in his lifetime, permitted the complainants to live on said land as a tenant at will, during the pleasure of the said *Jackson,* and in no other manner whatever; and that said *Jackson* and *Elizabeth,* his wife, fully paid said *Hill* for all his care and attention bestowed upon them, or either of them, during their lives; and that after their death said *Hill* took possession of, and used for his own purposes, the whole of their personal estate, of the value of 800 dollars, and has received to his own use the rents and profits of said land, of the value of 130 dollars per year. They deny that he made valuable improvements. The replication of the said *Hill* denies that he was upon said land as tenant at will, or that said *Jackson* ever paid him anything, &c. He denies that he appropriated to his own use the personal property .or the rents, &c.

The case was tried by the Court. Finding for plaintiff; and, over a motion for a new trial, judgment was rendered upon the finding.

The only point made in the brief of the appellants, is upon the third error assigned, to-wit: That the finding and decree of the Court is contrary to the law and the evidence.

It is assumed that the finding and judgment are contrary to law, because specific performance of a verbal agreement for the conveyance of land, cannot be decreed under any circumstances; and we are referred to *Lester* v. *Bartlett,* 2 Ind. R. 628, as an authority for this assumption. The case cited does not sustain the appellants. That was a suit for

May Term, 1858.

ENSEY
v.
THE CLEVE-
LAND, &c.,
RAILR'D CO.

the price of land sold on verbal contract. No part of the consideration had been paid, nor had possession been taken of the land.

It is said in *Atkinson* v. *Jackson*, 8 Ind. R. 33, that when the contract is fair in all its parts, is certain, is for a valuable consideration, does not interfere with the rights of creditors, and is capable of being performed, Courts will generally decree a specific performance.

"The purchaser's taking possession of the estate, and making improvements on the same, under a parol contract of sale, have always been considered a sufficient part-performance to take the case out of the statute of frauds." 4 Blackf. 385.

We think the bill shows a case entitling the complainant to relief. Issues of fact having been found upon some of the allegations of the bill, and having been tried by the Court since the adoption of our new practice, the same rule prevails in regard to disturbing such finding, as if the suit had been instituted since that code was put in force.

Upon looking into the evidence, we find the facts and circumstances detailed to be such as should properly be left to a jury, or the Court sitting as a jury, to determine, under the issues made; and, to say the least of them, strongly tending to sustain the finding of the Court. We cannot, therefore, disturb that finding.

*Per Curiam.*— The judgment is affirmed with costs.

*C. Wright* and *W. J. Peaslee*, for the appellants.

*M. M. Ray*, for the appellee.