### SANDERS v. SANDERS ET·AL.

PLEADING.—*Answer.*—*Demurrer.*—An answer which assumes to answer the entire cause of action, but which answers only a part, is bad.

APPEAL from the Henry Common Pleas.

BUSKIRK, C. J.—The only question presented by the record is, whether the court erred in overruling a demurrer to the fourth paragraph of the answer.

This was a claim filed by Uxum Sanders, the appellant, against the estate of Joseph Sanders, deceased. The claim consisted of various items for work and labor done and performed by the appellant for the deceased, and extended from July 5th, 1862, to February 20th, 1870. The aggregate amount of the items was one thousand seven hundred and seventy-nine dollars and seventy-three cents, and the·credits amounted to the sum of four hundred and fifty-one dollars and forty-nine cents, leaving a balance due of one thousand three hundred and twenty-eight dollars and twenty-three cents.

The executors refused to allow the claim, but filed an answer thereto. The appellant demurred to the fourth paragraph of the answer. The court overruled the demurrer, and the appellant refusing to plead further, the court rendered judgment for the appellees, to all which rulings the appellant excepted, and prosecutes this appeal and seeks a reversal of the judgment for the alleged error of the court in overruling the demurrer to the said fourth paragraph of the answer.

The fourth paragraph of the answer reads as follows:

"4. That in September, 1864, the said decedent executed and delivered to the said plaintiff, and Wright Sanders, and Arthur Sanders, a deed of conveyance, a copy of which is ·filed herewith, conveying to them the premises therein described, in consideration that the grantees therein should keep, support, and maintain the said Joseph Sanders during his lifetime, and that the several claims and items sued on

are for keeping, maintaining, and supporting said Sanders, and for no other cause or account; and that the said grantees, at the time, to,wit, in the lifetime of said grantor, and at the time of the execution of said deed, took possession of said premises, and have ever since that time occupied the same under the said title deed; wherefore, the defendants say they are not indebted in any sum to said plaintiff."

The deed referred to in the above answer was from Joseph Sanders to Wright Sanders, Arthur Sanders, and Uxum Sanders, who are described as the children of the grantor, and conveyed certain lands therein described upon the terms and conditions therein contained, and in consideration of natural love and affection.   The conditions are as follows: "That said grantor is to have the control and management of said real estate and the proceeds of the rent thereof during his lifetime, and that said grantees shall not, in any way, convey or encumber said real estate during his, the said grantor's, lifetime; that said grantor is to reside and live on said farm at his option and pleasure; the said grantees are not to have possession of said real estate conveyed by this deed, as under this deed, during the lifetime of said Joseph Sanders, except as may hereafter be agreed upon by said parties; said grantees are to take good care of said grantor, support and maintain him out of the proceeds of such farm during his life.   If said grantees shall, in any respect, violate or neglect any of the conditions and terms above stated, then this deed to be void, and the said land to reinvest in said grantor."

We are of the opinion that the court erred in overruling the demurrer to the fourth paragraph of the answer.   The facts set up therein were pleaded in bar of the entire cause of action.   The facts, as they were pleaded, did not constitute a bar to the entire cause of action.   The first item in the claim was on the 5th of July, 1862.   The deed was executed on the 19th of September, 1864.   Between these two dates, the items in the account amount to about three hundred dollars.

The substance of the answer is, that the appellant should not recover, because the work done and services rendered were done and performed under the contract contained in the deed. But there is no allegation in the answer that there was any agreement, other than that set up in the deed, for the support of the decedent; nor is it averred that the work which had been done prior to the execution of the deed constituted any part of the consideration or inducement to such deed, or that such work was to be compensated for by the conveyance of the farm. The contract set out in the deed was prospective, and there is no averment that it was to have any retroactive operation. As the answer assumes to answer the entire cause of action, and fails to do so, it was bad.

For this error, the judgment must be reversed. There are other defects in the answer, but these can be obviated when a new answer is prepared.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to sustain the demurrer to the fourth paragraph of the answer, and for further proceedings in accordance with this opinion.

*M. E. Forkner, J. Brown,* and *R. L. Polk,* for appellees.