## SANDERS ET AL., EX'RS, v. SANDERS.

STATUTE OF LIMITATIONS.—*Mutual Accounts.*—Where an action is brought to recover a balance due upon a mutual, open, and current account between the parties, the action must be deemed to have accrued from the date of the last item proved on either side, from which time the statute of limitations commences to run.

SAME.—*Instructions.*—In an action on such an account against the estate of a deceased debtor, it is error to instruct the jury that they should disallow all items in the plaintiff's account which accrued six years prior to the death of the deceased.

SAME.—It is also error in such case to instruct the jury that the statute of limitations would not bar any items of the plaintiff's account.

SAME.—*Pleading.—Practice.*—Where an account sued on appears on its face to be a mutual, open, and current account between the parties, and there is an answer of the statute of limitations, there is no need of the plaintiff's replying that the account is a mutual, open, and current account. In such case it is a question of fact for the jury to determine whether such was the character of the claim. The provision of the statute in reference to mutual accounts is not in the nature of an exception to the statute, but is a part of the limitation itself.

CONTRACT.—*Support and Maintenance.*—Where the provisions of a deed of conveyance of real estate were, that the materials for the support and maintenance of the grantor were to come from the proceeds of the real estate conveyed, and the grantee was required to give his personal care and services in preparing clothing, food, etc., and such other services as might be required by the wants and necessities of the grantor, it was error to instruct the jury that if the grantee furnished the support and maintenance out of his own means, and not out of the proceeds of the real estate, he could recover for the same. The only thing for which the grantee could recover was the value of materials furnished.

SAME.—The grantee could not in such case recover for personal services rendered in nursing and caring for the grantor, though extraordinary services may have been necessary.

From the Henry Common Pleas.

*M. E. Forkner, J. Brown, R. L. Polk,* and *J. M. Brown,* for appellants.

*J. Mellett, E. Bundy, J. T. Elliott,* and *W. H. Elliott,* for appellee.

WORDEN, J.—This was an account filed by the appellee against the estate of Joseph Sanders, deceased, containing

various items of debit and credit, running from July 5th, 1862, to March 20th, 1870. The case has once before been in this court, when the judgment below was reversed for error committed in overruling a demurrer to the fourth paragraph of the answer. 39 Ind. 207.

Subsequently, the defendants filed a seventh paragraph of answer, setting up the same defence as was attempted to be set up in the fourth, but limiting to so much of the account as accrued after the date of the deed therein mentioned. There was also a paragraph setting up the statute of limitations. The other pleadings in the cause need not be noticed. Trial by jury, resulting in a verdict and judgment for the plaintiff for six hundred dollars.

The questions presented for our consideration were properly preserved.

The defendants excepted to the giving of certain instructions and to the refusal to give others. The court refused the following:

"Among other defences set up in this cause, the defendants have pleaded the statute of limitations. Under this issue, you should disallow all items in the plaintiff's account which accrued six years previous to the death of the decedent."

But gave the following, to which exception was taken by the defendants:

"As to the statute of limitations, if the jury find that there were mutual, open, and running accounts unsettled between the parties, then and in that case the statute of limitations would not bar any of the items in the plaintiff's account; but if the jury find from the evidence that the accounts were all on one side, that is, in favor of the plaintiff, except payments thereon, the statute would bar all the items that accrued more than six years next before the death of the deceased."

The statute provides that actions on accounts and contracts not in writing shall be brought within six years after the cause of action has accrued, and that "in an action brought to recover a balance due upon a mutual, open, and current account between the parties, the cause of action shall be deemed to have accrued

from the date of the last item proved in the account on either side." 2 G. & H. 156, sec. 210, and 160, sec. 213.

Provision is also made that if any person entitled to bring, or liable to, an action shall die before the expiration of the time limited, the action may be brought, after the expiration of the time limited, within eighteen months after the death of such person. 2 G. & H. 162, sec. 217.

From the statute cited, it is plain that where the action is brought to recover a balance due upon a mutual, open, and current account between the parties, the cause of action must be deemed to have accrued from the date of the last item proved on either side, from which time the period of limitation must be deemed to have commenced running.

The charge refused, we think, was correctly refused. The account sued upon appeared on its face to be a mutual, open, and current account between the parties. It was for the jury to determine, from the evidence, whether such was the character of the plaintiff's claim, and if they found it to be such, the statute could only run against it from the last item proved on either side. There was no need of the plaintiff's replying to the answer of the statute, that the account sued upon was a mutual, open, and current account, etc. This appeared by the account itself. Moreover, the provision on the subject of mutual and open accounts is not in the nature of an exception to the statute, but it is a part of the limitation itself. The charge refused did not present the real question involved to the jury; it rather took from them the right to determine whether the claim sued upon was a mutual, open, and current account, and made it wholly immaterial when the last item accrued.

But the charge given was perhaps more clearly erroneous. than that refused.

By the charge given, the jury were told that if they found that there were mutual, open, and running accounts unsettled between the parties, the statute of limitations would not bar any of the items of the plaintiff's account. This is equivalent to saying that there is no limitation to mutual, open, and running accounts unsettled between the parties. We have already

seen that mutual, open, and current accounts between the parties are barred by the statute, which commences running from the last proved item on either side. The latter part of the charge given does not in any manner qualify the effect of the former part. The substance of the latter part is, that if the account is all on one side except credits of payment thereon, it is not a mutual, open, and current account between the parties, and that the statute would bar all that had accrued more than six years, etc.

The following charge was also given, to which exception was taken by the defendants:

"Under the seventh paragraph of the answer, to entitle the defendants to a valid defence as against the items to which it applies, it should appear from the evidence that the means for the support and maintenance of the deceased was furnished from the proceeds of the farm, or at least furnished by the deceased. The condition of the deed read in evidence contemplates that the personal care and necessary attention to the grantor should be given by the grantees, but that the expense of the support and maintenance, such as boarding, clothing, and like expense of the grantor, was to come from the proceeds of the farm; and if the deed was accepted by the grantees, the plaintiff being one of them, and he did, from and after the making and acceptance of the deed, care for, support, and maintain the deceased with and out of his own means, and not out of the proceeds of the farm, then and in that case the plaintiff would be entitled to recover for such support and maintenance against the estate of the deceased."

The conditions in the deed alluded to are set out in the opinion of the court, upon the decision of the cause, when it was before in this court, and need not be here repeated. We are of opinion, that, under the deed, the materials for the support and maintenance of the grantor, the decedent, were to come from the proceeds of the farm, or otherwise from the grantor himself; and that all that was required of the grantees was their personal care and services in the preparation of his food, washing, and perhaps making his clothing, and such other per-

sonal services as his wants and necessities might require. In other words, the materials for the support and maintenance were to come from the grantor or the proceeds of the farm; but the personal services, care, and attention necessary to his support and maintenance were to be furnished by the grantees.

We are not certain that this is not the construction intended to be put upon the deed by the charge in question. If the grantees accepted the deed, and supported and maintained the deceased in pursuance of it, and if the appellee furnished means for such support and maintenance other than such as were received either from the deceased or the proceeds of the farm, it is clear that all that he can recover for such support and maintenance is the means thus furnished by him. For, as we have seen, the grantees were to furnish such personal services in his support and maintenance as were necessary. The charge says that if the plaintiff "did care for, support, and maintain the deceased with and out of his own means, and not out of the proceeds of the farm, then and in that case the plaintiff would be entitled to recover for such support and maintenance." We think, as before stated, that the only thing that the plaintiff could recover was the value of the materials expended or used in such support and maintenance. Perhaps this is what was intended by the court in giving the charge. But it seems to us that the jury might well have understood from the charge, that in the case supposed they were at liberty to allow in full the value of the support and maintenance, which includes the personal services, as well as the value of the materials. We think, in view of the amount found, as compared with the account filed, that the jury did so understand the charge. We think the charge was erroneous in the particular pointed out.

During the latter part of his life, Joseph Sanders, the deceased, became *non compos*, and William Sanders was appointed his guardian. On the 20th of March, 1869, the guardian leased to Exum, the plaintiff, a certain parcel of the land of the deceased for one year, on the terms and conditions

stated in the lease. Amongst other things, it is stipulated in the lease as follows:

" Exum Sanders agrees and undertakes to board the said Joseph Sanders, make, mend, and wash his clothing, and otherwise suitably care for and nurse him for one year from the date of this agreement, the guardian to furnish the materials for his clothing."

The deceased died January 5th, 1870, and before the expiration of the lease. The following items are a part of the plaintiff's account:

January 7th, 1870.   Nursing and attention during two weeks' sickness,      -      -      -      -      -      $30.00
January 12th, 1870.   Washing bed, bedding, and clothing,      -      -      -      -      -      -      -      5.00

In respect to these items, the court charged as follows:

" The plaintiff charges in his accounts, January 7th and 12th, and during this year" (the year covered by the lease above mentioned), " for nursing and attention during two weeks' sickness. The ordinary nursing, washing, care, and attention for and to deceased was provided for and paid by the use of the premises during that year. But if, because of the illness and death of the deceased, extraordinary labor, expense, and washing had to be done, if the evidence shows such extra labor, expense, and washing, the jury may allow the plaintiff what such extra services were reasonably worth. But in this connection the jury may look to the fact of whether the plaintiff was saved from some of the ordinary care, labor, and attention by the death of the deceased before the end of the year."

This charge was wrong. The plaintiff, by his stipulation in the lease, had bound himself to board the deceased, and to make, mend, and wash his clothing, and otherwise suitably care for and nurse him, during the year. This bound the plaintiff to furnish the boarding, washing, and necessary care and nursing, whether the deceased was in sickness or in health, or whether the suitable care, nursing, etc., was little or great. There is no ground here for a charge for extra services.

There are some other questions made by the appellants, but as they may not arise upon another trial of the cause, we need not consider them. The judgment will have to be reversed for error in giving the charges above specified.

The judgment below is reversed, with costs, and the cause remanded for a new trial.