## CONES v. BINFORD.

PRACTICE.—*Evidence.*—*Exclusion of.*—Where the party asking it does not state, and its form does not disclose, what is proposed to be proved by a question put to a witness on the trial of a cause, its exclusion is not error.

SAME.—*Evidence Struck Out.*—Where the issue in a cause was as to the fraudulency of representations made by the defendant to the plaintiff as to the solvency of a certain corporation, on the sale, by the former, to the latter, of certain shares of the capital stock of such corporation, there was no error in striking out evidence of a statement of the defendant that he "had no confidence in the concern", where it appears from the other evi-

dence in the cause that such statements only referred to a want of confidence, not in the solvency, but in the board of directors, of such corporation.

From the Montgomery Circuit Court.

*E. F. Ritter, L. C. Walker* and *L. Ritter*, for appellant.

*J. E. McDonald, J. M. Butler, F. B. McDonald* and *G. C. Butler*, for appellee.

WORDEN, C. J.—Action by the appellant, against the appellee. Issue, trial by jury, verdict and judgment for the defendant.

The error assigned consists in the overruling of a motion for a new trial.

The defendant, who had been one of the board of directors of the Thorntown Manufacturing and Trading Company, sold and transferred to the plaintiff fifty shares of the capital stock of said company, at eighty-five cents on the dollar, and this action was brought to recover damages on account of alleged fraudulent representations, made by the defendant, to the plaintiff, in respect to the value of the stock and the financial condition of the company.

On the trial the plaintiff propounded to a witness the following question, viz.: "State, if you know, how soon the company failed after the trade between Cones and Binford, if it failed at all." On objection by the defendant, this evidence was excluded.

If the company failed soon after the trade, the fact might be competent as tending to show the condition of the company at the time of the trade. But, however this may be, we can not say that any error was committed in rejecting the evidence. It did not appear from the question, nor did the plaintiff state, what he proposed to prove; that is, he did not state, nor did it appear, whether he designed or expected to prove that the failure occurred shortly or a long time after the trade. It has been held, in a number of cases, that where the form of the question does not show what the party putting it proposes to prove, and

where he does not state what he proposes to prove, by the offered evidence, it will not be error to reject it, because, in such case, it does not appear that the rejection injured the party offering it. We can not say that the plaintiff was injured by the rejection of the evidence, because an answer to the inquiry might have shown that the failure of the company was so long after the trade that it would not tend to show the condition of the company at the time of the trade.

It appeared that the defendant had sold some of the stock of the company to one R. M. Crouch, and on the trial the plaintiff proved by Joseph Davis, as follows:

"I had several conversations with defendant, Binford, about the affairs of the company. I think these conversations" (were) "two in July or August, 1869, and one in fore part of 1870. I think,—I won't be certain as to the time—,in one of these conversations,—I think the last one—,Binford said that when Richard M. Crouch bought his stock from him, he believed he bought it in good faith, but that he, Binford, had no confidence in the concern at that time."

This evidence, on the motion of the defendant, was struck out. We can not say that in this the court erred. It does not appear that by the statement that the defendant had no confidence in the concern, he doubted its solvency. He had been removed as one of the directors of the company. He told the plaintiff, when he proposed selling him the stock, that "he had trouble with the company; that the company had not confidence in him, and he wanted to get out of it." It is quite natural that the want of confidence should be reciprocal. He told Crouch, when he sold the stock to him, that "he had trouble with the directors and wanted to get rid of his stock on that account."

It is plain, from other parts of the evidence, that any expression by the defendant of a want of confidence in the concern may have had reference to the management

thereof since the defendant ceased to be a director. The expression of a want of confidence on his part, in the company, would not in any way, so far as we can see, strengthen the plaintiff's case or tend to make it out.

While the plaintiff was on the stand, testifying as a witness, his counsel put to him the following question: "What reliance did you place, if any, on the representation of the defendant as to the affairs of the company, its condition and business?"

On objection of the defendant, this question was excluded. This was not error. It does not appear whether it was sought to prove that the plaintiff placed implicit reliance on the representation, or none at all. This question falls within the rule applied to that first herein considered.

No other question is made in the brief of counsel for the appellant, except as to the sufficiency of the evidence to sustain the verdict.

The case was but doubtfully made out, if made out at all, and we think we should not disturb the conclusion arrived at by the jury.

The judgment below is affirmed, with costs.