IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

### AT INDIANAPOLIS, MAY TERM, 1877, IN THE SIXTY-FIRST YEAR OF THE STATE.

---

### HARNESS v. THE STATE, EX REL. PLATT.

BASTARDY.—*Compromise of Prosecution.—Entry of.—Attorney.—Authority of Revoked by Client's Death.*—Where, pending a prosecution for bastardy, the defendant paid the prosecuting witness a certain sum of money in satisfaction of her claim on account of the support of the bastard child, and the prosecuting witness thereupon signed a written statement that provision to her satisfaction had been made for the support of said child, in said sum paid her by the defendant, and that she thereby released him from all claim, etc., which statement was placed in the hands of her attorney, with instruction to appear for her and file it in open court, admitting that she had received from the defendant full provision for the support of said child, to her satisfaction, and with the instruction, and upon the agreement of the parties, that said attorney should cause the prosecution to be dismissed; and said attorney afterward filed said statement in open court and moved that the cause be dismissed, but action by the court was postponed for the personal presence of the prosecuting witness, who died before further steps were taken, and after her death said child prosecuted the action by guardian *ad litem;*

*Held,* that, no admission of the prosecuting witness, or finding of the court, that provision had been made for the support of the child, having been entered of record, and no motion for the entry of record of such admis-

sion having been made, in the lifetime of the prosecuting witness, the statute (2 R. S. 1876, p. 660, sec. 17) was not complied with, and that these facts could not constitute a sufficient answer to the action in favor of said child.

*Held*, also, that, by the death of the relatrix, the authority of her attorney to act for her ceased.

EVIDENCE.—*Cross-Examination.*—*Testimony, on Former Trial, of Witness since Deceased.*—On the trial of an action which had been tried once before, a person, testifying for the defendant as to the testimony, on the former trial, of a witness since deceased, stated that said deceased witness had testified to certain facts, and had not been cross-examined. The plaintiff, in rebuttal, introduced a witness, who testified that he had heard the testimony, on the former trial, of said deceased witness, related some of his testimony, and stated that he testified to other matters and was cross-examined. On cross-examination by the defendant of this rebutting witness, he was asked to state all that said deceased witness had testified to on said former trial.

*Held*, that it was error to sustain an objection to this question.

SAME.—It is error to·deny a party the right, in cross-examining his adversary's witness, to propound a question within the limits of proper cross-examination, though the party asking the question does not state what he expects to prove by the answer.

From the Carroll Circuit Court.

*Sims, Stewart & Sims* and *R. P. & J. C. Davidson,* for appellant.

*S. T. McConnell* and *J. Applegate,* for appellee.

WORDEN, J.—This was a prosecution by the appellee, against the appellant, for bastardy. The action was commenced on the relation of Margaret J. Platt, but during its pendency she, died, and the name of the child, Walter Platt, was substituted, and Stewart T. McConnell was appointed as his guardian *ad litem,* in accordance with the provisions of the statute.

Trial by jury; verdict and judgment against the defendant.

We will consider a point arising on the pleading, before examining a question arising on the motion for a new trial.

The second paragraph of the defendant's answer alleged, " that, since the institution of the present suit, the de-

fendant and the relatrix herein" (the said Martha) "met by appointment in the office of her attorney, and then and there compromised this suit, and the defendant then and there paid and satisfied the said relatrix for any and all claims against him, on account of the support of said bastard child, and then and there made provision, by the payment to her of the sum of three hundred dollars, to her entire satisfaction, for the support and maintenance of said bastard, a written statement of which was then and there made by her said attorney, Hon. David Turpie, signed by her and placed in the hands of her said attorney, with instruction to appear for her in open court and file said statement as her act in open court, admitting that she had received from this defendant full provision for the support of her said bastard child, to her entire satisfaction, and with the further instruction, which was a part of the agreement by and between the parties, that her said attorney should, upon the filing of said paper, cause the said cause to be dismissed, by agreement, at the defendant's costs; and defendant further avers, that, on the 2d day of August, A. D. 1873, the Hon. David Turpie, as attorney for the relatrix aforesaid, did appear in open court and cause said statement, a copy of which is filed herewith and made a part of this answer, to be filed in open court, and, as her said attorney, moved the court that said cause be dismissed, at the costs of the defendant; and defendant further avers, that said dismissal was postponed for the personal presence of the said relatrix, and that before that could be obtained she died.

"Wherefore defendant says, that no judgment should be rendered herein against him, he having paid all the costs which had accrued in said cause up to the date of, and including, the filing of said statement, and the costs made therein."

The written statement mentioned in the pleading is as follows:

"State of Indiana, Cass County, ss:

"Know all men by these presents, that Martha Platt hereby releases George Harness, Jr., from all claim, demand and charge against said George Harness, Jr., on account of the charge I have made against him for the paternity of a bastard child, and I acknowledge that full satisfaction has been made to me for the support and maintenance of said child, and I hereby release the said George Harness, Jr., from all liability on account of the alleged paternity of said child, and that full satisfaction has been made to me therefor, having received three hundred dollars therefor. Witness," etc.

[Signed,]                           "MARTHA PLATT."

A demurrer for want of sufficient facts was sustained to this paragraph of answer, and the ruling is complained of as erroneous.

The statute provides, that "The prosecuting witness, if an adult, may, at any time before final judgment, dismiss such suit, if she will first enter of record an admission that provision for the maintenance of the child has been made to her satisfaction, and if such witness be a minor, she may dismiss such suit, if it be first shown to the satisfaction of the court, in which the same is pending, that suitable provision has been made and properly secured for the maintenance of the child, and a finding of the court to that effect entered of record; and such entry, in either case, shall be a bar to all other prosecutions for the same cause and purpose." 2 R. S. 1876, p. 660, sec. 17.

It will be seen by the statute, that a different provision is made in regard to adults from that in regard to infants. An adult may dismiss such actions by simply entering of record an admission that provision for the maintenance of the child has been made to her satisfaction; while, in the case of an infant, it must be shown to the satisfaction of the court, that suitable provision has been made and properly secured for the maintenance of the child, and the finding of the court to that effect must be entered of rec-

ord. It is the entry of record in either case that bars any further prosecution.

Assuming, as we think we must, that the relatrix was an adult, the contrary not appearing, still the paragraph of answer does not bring the case within the statute.

Without intimating any opinion upon the question, whether an adult prosecuting witness might or might not, by attorney and without a personal appearance in court, cause the entry to be made, provided for by the statute, we think the paragraph was bad, because it did not show that such entry had ever been made.

It does not appear by the pleading in question, that Hon. David Turpie moved, on behalf of the relatrix, that an admission on her part, that provision for the maintenance of the child had been made to her satisfaction, be entered of record. He filed the statement, and moved that the cause be dismissed. Before the matter was acted upon by the court, however, the relatrix died. This put an end to any power which Hon. David Turpie had, as her attorney, to act in the matter. Thus there was, during the life of the relatrix, no entry of record made of the admission required by the statute, nor, indeed, any motion that such entry be made. The statute not having been complied with, the demurrer to the paragraph was properly sustained. *Reeves* v. *The State, ex rel.*, etc., 37 Ind. 441.

We come now to a question arising on the motion for a new trial.

It appears that the case had been once before tried, and a new trial granted. On the former trial, a Mrs. Susannah Forgy testified as a witness, but she was dead at the time of the second trial.

On the latter trial, one Andrew J. Forgy was introduced by the defendant as a witness, and testified as follows:

" My wife, Susannah Forgy, was a witness in this case; was sworn and examined in this case, on the trial in the circuit court in Cass county, in this State. I heard her

testimony on that trial; I was back about twenty-five feet from where she was at the time she gave her testimony, and there may have been some words I did not hear. She was not cross-examined. I did hear and can repeat her testimony on that trial as to what she testified that Martha Platt, the mother of the relator, told her as to who was the father of her child. * * * * *

"On the former trial of this cause, she testified that Martha Platt told her she would have to lay it to George Harness; they said if she laid it to George Harness he would marry her. If she laid it to Frank Harness, Sally Platt would kill her, or drive her away from home. This was her testimony on that subject, as far as I remember."

The plaintiff, in rebuttal, introduced Stewart T. McConnell as a witness, who testified as follows:

"I was present at the former trial of this case, in the Cass Circuit Court, and heard the testimony of Mrs. Susannah Forgy, on said trial. I was attorney for plaintiff, on said trial. There was quite an extended cross-examination of said witness, on said trial. She testified on that trial, that Martha Platt, the mother of the child, told her she would lay her child to George Harness, the defendant, because they said if she did he would marry her. She also testified to other matters; her examination was quite extended."

Upon cross-examination of this witness, the defendant asked the witness to state all that said Susannah Forgy had testified to on said trial; but the plaintiff objected, and the court sustained the objection, and refused to allow the witness to state all that said Susannah had testified to on said trial, and the defendant excepted.

In this ruling, we think the court committed an error.

The defendant had introduced the husband of Susannah Forgy, who had stated his recollection of her evidence; but he said she was not cross-examined. His memory in this respect may have been at fault. The plaintiff then introduced Mr. McConnell, who stated a

part of her evidence; that she testified to other matters, was cross-examined, and that her examination was quite extended.

It seems to us to be clear, that the defendant, upon cross-examination, was entitled to bring out all that said Susannah had testified to on the former trial. An isolated portion of the evidence of a witness might give no just appreciation of the force and effect of the evidence, taken as a whole. The evidence of a witness in chief is often materially modified, and, indeed, sometimes wholly changed, by the cross-examination. This is within the experience of every practising lawyer.

A jury, in the intelligent performance of its duty, takes into consideration the whole of the evidence of a witness, and not an isolated portion alone of it. The plaintiff having introduced Mr. McConnell, and proved by him a portion of the evidence of the deceased witness, and that she was cross-examined, and gave other evidence, opened the door to the defendant to prove on cross-examination all that was testified to by the deceased witness.

But it is claimed by the appellee that no available error was committed, because the defendant did not state to the court what he proposed to prove by the cross-examination. And cases in this court are cited to show, that where a question is propounded to a witness, which does not show what is proposed to be proved, and the party does not state what he proposes to prove, it will not be error to reject it, because it does not appear in such case that the party was injured. See *Cones* v. *Binford*, 54 Ind. 516. But the reason and spirit of that rule have no application to such a case as the present. The rule is more peculiarly applicable to examinations in chief, where the party offering the evidence knows, or may be supposed to know, and therefore be able to state, what he proposes to prove. The rule could seldom, if ever, be applied to cross-examinations, which are confined to the subject-

matter of the examinations in chiet. A party can hardly be expected to know what his adversary's witness will testify to on cross-examination, nor could he well state to the court what he expected to elicit by such examination. We think, therefore, that a party has a right to cross-examine his adversary's witness, keeping within the limits of a proper cross-examination, and that it is error to deny such right, though the party did not state what he proposed to prove by the cross-examination. For the error committed, the judgment will have to be reversed.

The judgment below is reversed, and the cause remanded, for a new trial.