## HARPER v. HARPER.

STATUTE OF FRAUDS.—*Contract in Consideration of Conveyance of Land.*—A verbal agreement by the grantee, with the grantor, of certain lands, that, in consideration of such conveyance, the former will support the latter during his life, is not within the statute of frauds.

STATUTE OF LIMITATIONS.—*Exception.*—*Pleading.*—In an action on account for money loaned, where the six years' statute of limitations is pleaded, a reply that such money is part of a mutual running account, remaining unsettled, and extending up to the time of bringing the action, is sufficient on demurrer.

PRACTICE.— *Evidence.* — *Witness.* — *Cross-Examination.* — *Supreme Court.* — Where, on appeal to the Supreme Court, it does not appear from the record, that a conversation, attempted to be elicited on cross-examination as occurring in connection with a matter concerning which the witness has testified, had occurred, there is no available error in the refusal of the court to permit such cross-examination.

From the Harrison Circuit Court.

*W. N. Tracewell* and *R. J. Tracewell*, for appellant.

*W. T. Jones, S. J. Wright, S. K. Wolfe* and *A. Stephens*, for appellee.

PERKINS, J.—This was a suit to recover for work and labor done, goods sold and delivered, and real estate conveyed.

The fifth paragraph of the complaint was for the value of two hundred acres of land, conveyed to the defendant in consideration that he should support the grantor and his wife during their lives, alleging that he had failed and refused to furnish such support.

A demurrer to this paragraph was overruled, and exception reserved.

Issues were formed in the cause, and were tried by a jury, who returned a verdict for the plaintiff for two thousand dollars.

A motion for a new trial was overruled, and exception reserved.

The legal causes for a new trial, assigned in the motion, were these:

1.  The action of the court in refusing to permit the defendant to give certain testimony on the trial;

2.  In admitting certain testimony offered by the plaintiff;

3.  That the verdict was not sustained by the evidence; and,

4.  That it was contrary to law.

The alleged errors of the court below, legally assigned in this court, are these:

1st.  Overruling the demurrer to the fifth paragraph of the complaint;

2d.  Overruling the demurrer to the third paragraph of reply to the fourth paragraph of answer;

3d.  Overruling the demurrer to the third and fourth paragraphs of the amended complaint; and,

4th.  Overruling the motion for a new trial.

We proceed to notice the errors assigned, but not in the order of assignment.

The objection to the fifth paragraph of complaint was, that the contract alleged in it was void by the statute of frauds.

That contract was not within the statute. *Bell* v. *Hewitt's Ex'rs*, 24 Ind. 280; *Fisher* v. *Wilson*, 18 Ind. 133; *Stater* v. *Hill*, 10 Ind. 176.

As to the ruling upon the third paragraph of reply to the fourth paragraph of answer. The fourth paragraph of answer was addressed to the second paragraph of complaint. That paragraph was for the recovery of the amount of a loan of two thousand and fifty dollars, made on a certain day in 1855. This suit was commenced on the 15th day of September, 1873, eighteen years after the loan; and the fourth paragraph of answer was the statute of limitation of six years. The reply was, that there had been, from 1855 to 1873, mutual running accounts between the parties, one item of which was the said item for loaned money, which running accounts were yet un-

Harper *v.* Harper.

settled. No motion was made to make the reply more certain.

We think the paragraph was properly held good on a demurrer for want of facts. See *Sanders* v. *Sanders,* 48 Ind. 84.

The amended paragraphs of complaint, severally, were as follows:

The third was for the value of two hundred acres of land sold and conveyed, and the fourth was for the value of services rendered for the defendant at his request.

The paragraphs were good.

One of the grounds of the motion for a new trial was the refusal by the court to permit one Ellis, a witness, to answer a question on cross-examination. The witness had stated, in his original examination, that the defendant told him, that he, defendant, owned the farm. On cross-examination, defendant's counsel asked the witness to state all that was said in that conversation. The court sustained an objection to the question being answered. The witness was not asked whether there was, and there is no intimation in the record that there was, any conversation except what the witness had stated. If there was not, the defendant was not harmed by the ruling of the court.

The second ground of the motion for a new trial is not noticed in the brief of appellant.

As to the third and fourth, we need only say, that the evidence tends to sustain the verdict, and it is not shown to be contrary to law.

We call the attention of appellant's counsel to points of practice settled by the following cases: *Cool* v. *Cool,* 54 Ind. 225; *Cones* v. *Binford,* 54 Ind. 516.

The judgment below must be affirmed, with costs.