Carey *et al. v.* The City of Richmond *et al.*

/

No. 10,600.

CAREY ET AL. *v.* THE CITY OF RICHMOND ET AL.

| 92 | 259 |
| 157 | 564 |

WITNESS.—*Cross-Examination.*—*Practice.*—Where a witness testified that a witness on the other side had, on another trial, testified to certain facts, it is proper, on cross-examination, to ask what other facts the witness swore to on the other trial.

From the Wayne Circuit Court.

*W. A. Bickle* and *S. A. Forkner,* for appellants.

*W. D. Foulke, J. L. Rupe* and *J. F. Robbins,* for appellees.

FRANKLIN, C.—Appellants Carey and wife sued the city of Richmond and three of its police officers for an assault and battery upon, and the unlawful arrest and false imprisonment of, the wife. A demurrer was sustained to the complaint as to the city of Richmond. On motion of the defendants (the police officers) portions of the complaint were stricken out. Two additional paragraphs to the complaint were then filed. An answer in three paragraphs was filed: 1st. A denial. 2d. Justification under the vagrant act of 1877. 3d. Justification under an ordinance of the city.

A demurrer was overruled to the second and third paragraphs of the answer, and a reply in denial filed. There was a trial by jury, verdict for defendants, and, over a motion for a new trial, judgment was rendered for the defendants for costs. Errors have been assigned upon the foregoing rulings.

Without setting out specifically the pleadings of the parties, or the rulings of the court, we conclude that there is no error in the record sufficient to reverse the judgment until we come to the fourth specification in the assignment of errors, and that is upon the overruling of the motion for a new trial.

The charge against Mrs. Carey in the former case was that she was a prostitute, and found wandering in the streets of the city of Richmond at 8 : 30 o'clock at night; and the defence in this case is that the appellees were police and peace officers, and as such arrested her, doing no more violence than

was necessary to take and retain her in custody; that at that hour of the night the mayor's court was not in session, nor was there any other judicial tribunal before which she could then be taken; that for the want of bail they took and locked her up in the female prison of the city for safe-keeping, until a formal charge could be preferred against her, where she remained until 10 o'clock P. M. of that night, when she was released upon bail.

Upon the trial of this cause the appellees proved, without objection, certain conduct between appellant Mrs. Carey and one Stokes upon a sofa at her house when they were alone, a short time before the arrest. Mrs. Carey and Stokes were called as witnesses in rebuttal, and they testified that no such conduct took place. They were then asked by defendants' counsel if they had not testified before the mayor's court, upon the former trial, and stated in their testimony, that they were then upon the sofa, and that he was bathing her head; which they denied so testifying, though appellant had testified fully in the case. The mayor and other witnesses were then introduced by the defendants, and these witnesses testified that Mrs. Carey and Stokes, on the former trial before the mayor, did testify as above asked and by them denied. Appellants' counsel then asked them to state " what other facts or circumstances said Mary Carey testified and swore to on such former trial." To which defendants objected, and the court sustained the objection, but announced that the witnesses might be cross-examined as to all she testified to on the former trial about sitting on the sofa.

It is a familiar rule of law, that when a witness has testified to a part of a conversation, he may be required on cross-examination to testify as to all that conversation upon the subject in controversy, material to the case. *Metzer* v. *State*, 39 Ind. 596; *Fletcher* v. *State*, 49 Ind. 124 (19 Am. R. 673); *Harness* v. *State, ex rel.*, 57 Ind. 1.

In the last case cited, a witness testified that a witness on

Carey *et al.* *v.* The City of Richmond *et al.*

a former trial had testified to a particular thing, and on cross-examination he was asked to state all that said other witness had testified to on said former trial; the other party objected, and the objection was sustained by the court. This court held that such ruling was an error, for which the judgment was reversed. WORDEN, J., in rendering the opinion, said: "It seems to us to be clear, that the defendant, upon cross-examination, was entitled to bring out all that said Susannah had testified to on the former trial. An isolated portion of the evidence of a witness might give no just appreciation of the force and effect of the evidence, taken as a whole. The evidence of a witness in chief is often materially modified, and, indeed, some times wholly changed, by the cross-examination. This is within the experience of every practicing lawyer." It is further added, that the rule that the party asking the question, if objected to, must state what he expects to prove by the witness, does not apply to this class of cases. "The rule could seldom, if ever, be applied to cross-examinations." And we may further add that in this case the plaintiffs ought to be permitted to test the memory of the witnesses, and the attention given by them to the testimony given in the former trial about which they were testifying. If the witnesses upon the former trial had testified fully to other facts material to the case, and these witnesses were unable to state what that testimony was, it would certainly have a tendency to show that they did not pay good attention to the former testimony, or that their memory was deficient in recollecting what it was, and in either event tend to weaken the contradiction. See the case of *Harper* v. *Harper*, 57 Ind. 547.

We think that a reasonably extended cross-examination in such cases should be allowed, and that the court erred in refusing such cross-examination in this case. For this error the judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in

all things reversed, at appellee's costs; and that the cause be remanded, with instructions to the court below to grant a new trial, and for further proceedings in accordance with this opinion.

Filed Dec. 21, 1883.