## Perkins Windmill and Ax Co. *v.* Yeoman.

[No. 2,934. Filed December 12, 1899.]

PLEADING.—*Contract.—When Not Alleged to be in Writing.*—Where a contract upon which an answer is based is not alleged to be in writing the answer will be treated as founded upon an oral contract. *p. 484.*

SAME.—*Contract.—Variance.*—Where a defense is based upon a contract not in writing, and the contract appears upon the trial to be a written one, the defense must fail. *p. 485.*

From the Knox Circuit Court. *Reversed.*

*W. H. DeWolf,* for appellant.

*O. H. Cobb,* for appellee.

BLACK, J.—This was an action upon a promissory note brought by the appellant, the payee, against the appellee, the maker. There was an answer in three paragraphs, the first being a general denial, and a reply in general denial was addressed to the second and third paragraphs. No question was made as to the sufficiency of any of the plead-

ings. The trial resulted in a finding for the appellee. The appellant's motion for a new trial was overruled. The evidence was not sufficient, unless it can be said that it sustained the third paragraph of answer. That paragraph alleged that the appellant agreed with the appellee to sell to the latter a certain windmill and properly to erect it upon the appellee's premises, for a certain sum, being the sum specified as principal in the note, and that the note was given therefor; that at the time of said agreement the appellant agreed with and guaranteed to the appellee that it would so construct and erect said windmill that it would run smoothly, and draw or pump water from the well at which it was to be erected to a height of at least four feet above the surface of the ground at that place, and that it would pump water to the quantity, on an average, of ten barrels per day. The erection of the windmill was alleged, and it was averred that it was so erected and constructed that it would not run smoothly and would not draw or elevate water to the height agreed upon, in the quantity agreed upon, and would not draw or elevate more than three or four gallons of water per day, upon an average. Notice to the appellant of such failures, and demand for the performance of the agreement, and failure of the appellant to cause the windmill to run smoothly, or to draw water as agreed upon, were formally alleged, and it was averred that the windmill was of no value to the appellee, and that he had held it since such notice, and still held it, subject to the order of the appellant.

The contract upon the breach of which the defense proceeded not being alleged to be in writing, the answer is to be treated as founded upon an oral contract. See *Harrod* v. *State, ex rel.* (Ind App.), 55 N. E. 242. On the trial, upon the examination of the appellee as a witness, it appeared from his testimony that the agent who sold the windmill gave the appellee what the witness called "a guaranty in writing." The witness said he did not know where this in-

strument was at the time of the trial, and that he could not relate what was in it; that the agent and the appellee began their negotiations in the fall of 1894; that the guaranty was given to the appellee in January or February, 1895; that the note was given in June, 1895; that the mill was put up in September, 1895; and that after the paper was given to the appellee nothing further was said about the contract.

Of course, all prior oral negotiations must be regarded as merged in the written contract.

When an action or a defense is based upon a contract not in writing, and the contract appears upon the trial to be a written one, the action or defense must fail. *Stewart* v. *Cleveland, etc., R. Co.*, 21 Ind. App. 218, 226, and cases cited.

The judgment is reversed, and the cause is remanded, with instruction to sustain the appellant's motion for a new trial.