NOVEMBER TERM, 1905. 681

Featherstone, etc., Mach. Co. *v.* Criswell—36 Ind. App. 681.

## FEATHERSTONE FOUNDRY & MACHINE COMPANY *v.* CRISWELL.

[No. 5,401. Filed June 29, 1905. Rehearing denied October 24, 1905. Transfer denied December 8, 1905.]

1. CONTRACTS.—*Conditions Precedent.—Signatures.*—Where the parties make the reduction of an agreement to writing and its signature a condition precedent, it will not constitute a binding obligation until such conditions are fulfilled, but where they assent to the terms, their intention to embody such contract in writing does not prevent the taking effect of such agreement at once. p. 683.

2. PLEADING. — *Complaint. — Contracts. — Parol. — Evidence. —* Where a pleading fails to allege that a contract therein mentioned was in writing, it will be presumed that it was oral; and a written contract is not evidence of an oral one. p. 683.

3. CONTRACTS.—*Execution.—Draft.*—While a writing, signed by one party and assented to orally by the other party, constitutes a written contract, a written draft of a contract, signed by neither party, does not constitute a written contract. p. 683.

4. EVIDENCE. — *Conversations. — Right to Entire Language. —* Where a part of a conversation is introduced in evidence by plaintiff, defendant has the right to introduce the remainder. p. 684.

5. SAME. — *Admission of. — Objections. — Different Reasons on Appeal.*—Where objections made to the introduction of evidence at the trial were overruled, different reasons can not be assigned on appeal. p. 684.

6. SAME.—*Contracts.—Custom of Business.*—Where an action is brought to recover for the breach of a specific contract, including commissions on sales, evidence of the custom of defendant, in excluding commissions in contracts with others, is inadmissible. p. 684.

From Superior Court of Marion County (63,475); *Vinson Carter,* Judge.

Action by Alexander P. Criswell against the Featherstone Foundry & Machine Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Addison C. Harris* and *Frank C. Cutter,* for appellant.
*Hawkins, Smith & Hawkins,* for appellee.

Roby, J.—Appellee sued appellant for $2,500 alleged to be due under an oral contract for the payment of a commission upon sales made by appellant in its "refrigerating department" during the term of appellee's employment by it as a general agent, such commission being in addition to a salary of $175 per month and expenses paid to him by it. He recovered according to the theory of the complaint. The issue was made by general denial and an answer of payment which was also denied. Error is assigned upon overruling the motion for a new trial. The reasons given for a new trial will be considered in the order in which they are presented.

The controversy between the parties is over the terms of appellee's employment. His contention is that he was to receive $175 per month, expenses, and two and one-half per cent commission upon all sales made by the department. The appellant's contention is that it did not agree to pay any commission; that no commission was contemplated. The testimony was in direct conflict.

Appellee, after some preliminary negotiations in which "there was not much said about compensation," submitted to appellant's president a form of contract which was not assented to. He thereupon prepared a second form, and submitted it to the same person. The principal difference in the two drafts related to the fixed salary, which was reduced in the latter one from $200 to $175 per month, both containing a provision for the payment of two and one-half per cent commission on sales made by the department of appellant's business named. Appellee testified that appellant's president read the last draft; said it was all right; said he wanted to submit it to his lawyers; that he was going east; that appellee should go to work, and when he came back he would fix up the contract. Appellee further testified that he was not able after that time to get

the attention of the president to the matter. He continued in the employment thirteen months.

It is insisted that, although the terms of the contract were assented to, it was not completed until it was signed, the intent being manifest that it should be reduced to writing. The law is that where the parties make the reduction of the agreement to writing and its signature by them a condition precedent to its completion, it will not be a contract until it is reduced to writing and signed. But where they assent to all of its terms, the mere reference to a future contract in writing will not negative the existence of a present and completed one. 7 Am. and Eng. Ency. Law (2d ed.), 140. Appellee entered upon the employment in pursuance to the arrangement made. The reduction to writing of the agreement was not made a condition precedent to its completion, and the point is not therefore well taken.

The contract sued upon is not alleged to have been in writing, and the complaint is therefore regarded as founded upon an oral contract. *Perkins, etc., Ax Co.* v. *Yeoman* (1899), 23 Ind. App. 483. A written contract is not legal evidence of an oral one. *Perkins, etc., Ax Co.* v. *Yeoman, supra.*

It is insisted that signature by the parties is not essential to constitute a written contract; that, if the terms of an agreement are put into writing, and the writing is accepted by the parties as their agreement, although not signed, the agreement is a written one; and that a material averment of the complaint—*i. e.,* the making of a parol contract—is unproved. The cases are numerous in which a contract signed by one party and acted upon by the other is held to be binding upon both, but the principle governing in such cases is not applicable to the draft of a proposed contract not signed by either party.

The president of the appellant company, while testifying

684    APPELLATE COURT OF INDIANA,

Featherstone, etc., Mach. Co. *v.* Criswell—36 Ind. App. 681.

on reëxamination, was asked the following question: "When Mr. Wright called your attention to the matter that Mr. Criswell was talking to him about commissions, what instructions, if any, did you give Mr. Wright, as your inferior officer, touching the question whether Mr. Criswell had any claim for commissions— whether or not you instructed Mr. Wright, as representing the company, to make any communication to Mr. Criswell?" An objection to the question was sustained. It is argued that a part of the conversation referred to was elicited by appellee on cross-examination, and appellant was entitled to make proof of the entire conversation relevant to the subject. This proposition, abstractly considered, is accurate. *Carey* v. *City of Richmond* (1883), 92 Ind. 259.

The appellant made an offer to prove, without indicating therein that it was asking the question to complete, a conversation previously given in part. The court sustained an objection upon other grounds, which were distinctly stated. The question not having been ruled upon by the trial court, and the ruling made having been invited upon the propositions considered, it is not available upon appeal. Elliott, App. Proc., §630.

The court refused to permit this witness to testify that the habit or course of business of the appellant company was not to pay commissions to its employes; "that nobody in the service of the company had at any time ever been paid any commission." The controversy was as to the terms of a particular contract. Evidence as to the terms of other contracts with other persons by one of the parties was not relevant. Reynolds's Stephen, Evidence (2d ed.), Art. 10, p. 20, notes (a), (2).

To other evidence, the admission of which is stated as a ground for a new trial, no objection was made or exception taken.

Judgment affirmed.