No. 1,083.

BENJAMIN v. THE McELWAINE-RICHARDS COMPANY ET AL.

VENDOR AND VENDEE.—*Personal Property.— Debtor and Creditor.— Mortgage.—Fraud.—Evidence.—Declarations of Debtor.*—Where personal property is first mortgaged and then transferred by a failing debtor to a creditor, statements made by the debtor after the transfer, as to the purpose of the mortgage, are, although made in the absence of such creditor, admissible in evidence in a contest between the latter and another creditor who denies the *bona fide* character of the transaction between the vendor and vendee.

SAME.—*Conspiracy.—Declarations.*—Where there is evidence tending to prove a conspiracy between the vendor and vendee of personal property, to defraud the vendor's creditors, the declarations of both are admissible against them, though made after the transfer but before the accomplishment of the purpose of the conspiracy.

SAME.—*Offer of Declarations in Advance of Proof of Conspiracy.*—Where declarations which are competent only if a conspiracy is shown are admitted in advance of such a showing, the error, if any, is cured by the subsequent introduction of evidence tending to prove the conspiracy.

SAME.—*Letter.— When Competent at Suit of Third Person.*—A letter written by a vendor of personal property to his vendee, which is presented to the latter by a third person and read in the latter's presence, is, together with the vendee's statements respecting the same, admissible in evidence against such vendee in an action between him and a creditor of the vendor which involves an issue as to the *bona fide* character of the transfer.

SAME.—*Possession.—Acts of Ownership.*—Where a transfer of personal property is assailed by creditors of the vendor as fraudulent, any evidence tending to show that there was no change of possession after the transfer and that the vendee exercised acts of ownership over the property, is admissible.

SAME.—*Explanation of Possession.*—Where a vendor of personal property remains in charge of the goods and the transfer is questioned by his creditors, as fraudulent, and they offer evidence as to the character of his possession, in an action between them and the vendee, it is competent for the vendor to show that the vendor was, in his relation to the goods, merely an employe of the vendee.

EVIDENCE.—*Competent for One Purpose.—Limiting Application.—Instruction.—Practice.*—Where evidence which is competent for one purpose is admitted, the failure of the court to limit its application

Benjamin v. The McElwaine-Richards Company et al.

will not constitute an error unless the aggrieved party asks and the court denies an instruction to that effect.

SAME.—*Sustaining Objection to Material Question.*—*Reversible Error.*— Where a proper question, calling for a material responsive answer which would be competent evidence, is put to a witness upon the stand, and an objection is sustained thereto, it is a reversible error, if an exception be saved.

From the Montgomery Circuit Court.

*G. D. Hurley, M. E. Clodfelter, D. P. Vinton* and *H. H. Vinton,* for appellant.

*B. Crane* and *A. B. Anderson,* for appellees.

REINHARD, J.—The appellee, The McElwaine-Richards Co., recovered a judgment against one Rial Benjamin, a brother of the appellant, and had an execution issued upon the same and placed in the hands of the appellee Bible, as sheriff of Montgomery county, for collection. Bible levied the execution upon a stock of plumbers' goods, as the property of said Rial Benjamin, and took the goods into his possession.

This action was instituted by the appellant against the appellees, to recover the possession of said property.

The complaint, which is in one paragraph, alleges that the plaintiff is the owner and lawfully entitled to the immediate possession of the property described, which is of the value of $800, and is unlawfully detained by the defendants, etc.

Upon issues joined, the cause was submitted for trial to a jury, who returned a verdict in favor of the appellees.

The only error assigned is the overruling of the appellant's motion for a new trial.

The appellant claims to be the owner of the property under the following circumstances and facts: Rial Benjamin, appellant's brother, was the owner of the stock of goods in controversy. The appellant, on the 1st day of December, 1892, was, and for several years had been,

engaged in business at Lafayette, Indiana, selling plumbing materials at wholesale and retail. At that time appellant had indorsed for his brother and furnished him goods and otherwise accommodated him to the amount of $800, and, on that day, Rial Benjamin executed to his brother, in settlement of this indebtedness, his two promissory notes, one for $800, payable June 1, 1893, and one for $1,000, payable December 1, 1893. To secure these notes in part, Rial Benjamin executed to the appellant a chattel mortgage on said goods in the city of Crawfordsville. The mortgage was duly recorded within the ten days. On the 9th day of December, 1892, Rial Benjamin turned the mortgaged property over to the appellant in part payment of the mortgage notes, and appellant gave credit on one of the notes for $800, the estimated value of the goods. On the 15th day of December, 1892, the appellee, The McElwaine-Richards Co., obtained the judgment already referred to, which was for $1,051, and on the same day caused an execution to issue thereon, which was levied by the sheriff, as stated.

The appellee's version of the facts is, that at the time of the transactions mentioned, the appellant was the secretary of the O. P. Benjamin Manufacturing Company, a corporation doing business at Lafayette, Indiana, engaged in selling plumbing goods and supplies. Rial Benjamin was engaged in business at Crawfordsville, where he had a shop and stock of goods worth, at the time of the transaction between the brothers, about $1,200 to $1,500.

On December 1, 1892, Rial Benjamin was indebted to the McElwaine-Richards Co., for goods sold him, in the sum of about $1,000, which was reduced to a judgment, in the Montgomery Circuit Court, on December 15, 1892, and upon which judgment execution issued at once,

which was placed in the hands of the sheriff who levied it, as stated before.

On December 1, 1892, Rial Benjamin went to Lafayette and gave the appellant two notes, one for $800 and the other for $1,000. He returned to Crawfordsville, and, on the next day, executed to the appellant the chattel mortgage referred to on his entire stock of goods to secure these notes. This mortgage was not filed for record till Saturday, December 10, 1892, at 4:30 o'clock P. M., on the last day it could have been recorded. Before this mortgage was filed for record by appellant, to wit, on December 9, 1892, an arrangement was made by which the mortgaged property was all turned over to the appellant as of the agreed value of $800, and that a credit for that amount was placed on the note last due, by which act the appellant claims he became the owner of the property, although the mortgage was not filed for record until the day subsequent to the alleged change of ownership. The execution was levied December 21, 1892; and the property levied upon and afterwards replevied was then worth $1,180, as found by the jury, and that during the intervening time between the transfer to the appellant and the levy, the value and amount of the property must have been materially reduced.

Other particulars are stated by the appellant's counsel as facts underlying the transaction, but it will not be necessary or useful to set them out in this opinion.

The appellee's theory is that the alleged sale or transfer of the property from Rial Benjamin to the appellant was fraudulent and void, having been made with the intention of cheating, hindering and delaying the creditors of said Rial Benjamin, while the appellant insists that the transfer was made in good faith, in payment of a *bona fide* indebtedness, and to give preference to one creditor over another, or others.

The first alleged error assigned in the motion for a new trial consists in admitting the testimony of one George Compton, a witness introduced by the appellees, as to a conversation had by the witness with Rial Benjamin after the alleged transfer of the property to the appellant. The testimony was to the effect that Rial Benjamin told the witness that he had given his brother a mortgage on the property on December 1, 1892, the conversation being on December 14, 1892; and that he further told witness that he gave the mortgage to protect the McElwaine-Richards Co., whom the witness represented; and that he (Rial Benjamin) was afraid Smith and Webster were going to close him up and that he wanted to protect witness's company and his brother also; that witness asked him how much he owed his brother, and he said: "Just a trifle," but stated no amount at that time.

The appellant objected to the testimony on the ground that "it is a statement of the witness and made concerning the property after Rial Benjamin had parted with the title to the property, and it can not affect Oscar P. Benjamin in any way, and it is not shown that he acted in any way upon it;" and that the proposed testimony "was a statement in regard to the property made in the absence of Oscar P. Benjamin, and after Rial had parted with the title to the property and it could not affect the plaintiff Oscar P. Benjamin in any way or manner."

The objection was overruled, and the appellant excepted.

The court stated some reasons for the admissibility of the testimony, but it is not necessary to determine whether these were sound or unsound, if the testimony was admissible upon any ground.

The appellant's contention is that the testimony was incompetent because the conversation testified about oc-

curred on December 14th, 1892, being fourteen days after the execution of the mortgage, and five days after the transfer of the property and the placing of the credit upon the note. The appellant's counsel base their contention upon the familiar rule that the admissions of a vendor of property, after he has sold the same and parted with the possession, are not admissible against his vendee. *Campbell* v. *Coon*, 51 Ind. 76; *Tyres* v. *Kennedy*, 126 Ind. 523.

This contention can not prevail. The principle sought to be invoked has no application to the case in hand for more than one reason. In the first place it was a disputed question whether or not Rial Benjamin had parted with the ownership and possession; that he was still in the active, physical control of the property is not disputed. The appellant's position is that he was there as the agent of appellant, and the possession and ownership exercised by him after the alleged transfer was that of an agent in behalf of his principal. This position is stoutly contested by the appellees, who maintain that the facts and circumstances of the case show that in reality no change of possession had taken place, and we are not permitted to say that there was absolutely no evidence which might warrant such an inference. The question was one for the jury, and if they determined upon any evidence proper to be considered upon the question, that Rial Benjamin was still in possession of the property, in his own right, his declarations would be competent for their consideration. *Tyres* v. *Kennedy*, *supra*.

But the testimony was proper for another reason. The appellee's theory was that the transaction constituting the alleged transfer was fraudulent, and that it was made with the intent and for the purpose of hindering, cheating, and delaying the creditors of Rial Benjamin. This

being an action in replevin, no special averment or pleading was necessary charging fraud upon the appellant and the vendor of the property. The general denial to the plaintiff's complaint put in issue the entire question of ownership and the right of possession of the plaintiff. Anything that tended to negative the proposition that the plaintiff was the owner, and entitled to the possession, was legitimate evidence for the appellees. Now, in order to establish the fraudulent sale and transfer of the property, it was necessary to prove such fraud against both the vendor and the vendee, and hence it is, generally speaking, proper to prove the fraudulent vendor's admissions as against himself, and the fact that the court did not, in its ruling upon the admission of the testimony, and in its instructions, limit its admissibility to the extent of binding or affecting Rial Benjamin only, can not affect the question of the competency of the testimony, nor, indeed, will such failure to so limit the application of the testimony be erroneous unless the aggrieved party requests and the court denies an instruction to that effect. *Pittsburgh, etc., R. R. Co.* v. *Noel,* 77 Ind. 110; Elliott's App. Proc., section 647.

But there was evidence tending to prove the existence of a conspiracy between the alleged vendor and vendee, in the present case, to defraud the latter's creditors by the transfer of the property, and where this is the case, the declarations of either or both the conspirators are admissible against both, even though they were made after the transfer of the property, but before the accomplishment of the purpose of the conspiracy. *Bishop* v. *Redmond,* 83 Ind. 157; *Daniels* v. *McGinnis, Admr.,* 97 Ind. 549; *Moore* v. *Shields,* 121 Ind. 267.

It can not be assumed that the execution of the transfer was a consummation of the fraudulent conspiracy, and that, therefore, no declarations made after the trans-

fer are admissible, for there is no consummation of the conspiracy until the purpose thereof has been accomplished. *Bishop* v. *Redmond, supra.* Nor is there any available error because a *prima facie* case of a conspiracy had not been made when the declarations were admitted. If the evidence tending to prove such conspiracy was introduced afterward, as it was in this case, the error, if any, is cured. *Daniels* v. *McGinnis, Admr., supra.*

It is next insisted that the court erred in admitting in evidence a letter written by Rial Benjamin to the appellant, which letter was dated December 14, 1892, and was duly authenticated as the letter of Rial Benjamin by one of the witnesses for appellee, who testified that he was present when it was written.

The circumstances under which this letter appears to have been written are that the witness, Compton, who, as the representative of the appellee, The McElwaine-Richards Co., was trying to effect a settlement with Rial Benjamin, and succeeded in persuading him to rescind the transfer to the appellant, to the extent that it lay in his power to do so. To this end Rial Benjamin wrote the letter in question, and delivered it to Compton, who was to present it to the appellant. The letter, omitting the introductory portion, is as follows: "I have arranged with the McElwaine-Richards Co. to have the paper taken up [that was made in your favor a few days ago, and give one to them for the amount of their account; they to pay you amount of your account of about $203, and give me such time as I may need to pay out in. I have every reason to believe that this firm will do the right thing by me, and by doing this will put myself in a much better shape to carry on business, as I have a large amount of work contracted and need some credit, which they promise. I believe this to be the best all around. Your Bro. Rial Benjamin." Compton testified

that the next day after the letter was written he presented it to the appellant, who read it but refused to carry out the arrangement proposed therein, and demanded to know what the witness's company would do if the mortgage was released, but said he would talk with Rial Benjamin about the matter, and see if the company would protect him. It appears from Compton's testimony that appellant did not deny the correctness of the amount of his debt, which was stated in the letter as being about $203, and that he was willing to release his claim if the appellee company would secure him in this "and another little matter," but that he wanted to see Rial first, and that appellant's claim was "a good deal less than $800." Witness also testified that when he showed appellant the letter the latter remarked, "yes, that is right, but I do not want to do anything until I am satisfied that you folks are going to treat him all right; I do not want him closed out."

We are of opinion that the court committed no error in the admission of the letter and the testimony of Compton in connection therewith. Both the letter and the testimony of Compton were proper for the reasons already given in ruling upon the admissibility of other alleged declarations of Rial Benjamin. They were competent also against the appellant for the further reason that the letter was presented to and read by him, and his statements respecting the same were proper for the consideration of the jury, who alone must determine their weight and force.

One T. H. B. McCain was permitted to testify, over appellant's objection and exception, that he made a contract with Rial Benjamin for piping or gas fitting of the *Journal* office, of which the witness was the proprietor, said Benjamin being then engaged in the same building in said business of plumbing and piping. This tes-

timony was objected to on the ground that the contract was shown by the witness to have been in writing, and that the written contract itself was the best evidence. The evident purpose of this testimony must have been to show that Rial Benjamin was then exercising acts of ownership and control of the stock of plumbing materials in controversy. If this be true, the fact that the contract was in writing would not render evidence of its having been made incompetent. It appeared, however, that this occurrence was prior to the time of the alleged transfer, and while Rial Benjamin was the undisputed owner of the property. The testimony must, therefore, have been immaterial, and if the objection had been placed upon that ground there might be some force in it, though it is difficult to see how the appellant could have been harmed by its admission in any event.

The appellees proved, by one H. H. Ristine, a contract with Rial Benjamin for the lease to him of the room in which he was carrying on the business in which he was engaged. The contract was in writing and was itself introduced in evidence. It ran from March 1, 1892, for a term of two years. Its introduction was objected to on the ground that the appellant, not being a party to the contract, could not be bound by it.

We think this ruling was proper. The contract tended to show that Rial Benjamin was in possession of the premises at the time of the alleged transfer to the appellant under his own lease with the owner of such premises. In the absence of any explanation as to a change of the lessee, when the appellant claims to have become the owner and come in possession of the stock, it was a circumstance for the consideration of the jury to sustain the appellee's theory that there was, in fact, no change in the possession.

In rebuttal the appellant offered to prove, by Rial

Benjamin, that after the goods in controversy had been turned over to appellant in part payment of his notes, said Rial Benjamin worked there simply as the employe of his brother.

The appellees objected to the proposed testimony, and the court sustained the objection, to which ruling the appellant excepted.

Evidence had been introduced on behalf of the appellees tending to prove that Rial Benjamin continued in possession of the property and to exercise acts of ownership over the same. It was, therefore, proper for the appellant, in rebuttal, to explain that he was then acting in the capacity of an agent for the appellant. Hence, if the question is properly presented, the exclusion of the testimony proposed is reversible error, and such error is not cured by the fact that the appellant himself testified that he left his brother Rial in possession, for he had the undoubted right to show the nature of such possession, whether it was in the right of appellant or of Rial Benjamin, and the admission did not preclude him from making such proof.

It is earnestly insisted, however, on behalf of the appellees, "that the record does not disclose the objection made or the reasons given for the court's ruling." This was not necessary. If the appellant sufficiently disclosed the purpose of the testimony and properly made the offer, it was sufficient, provided a pertinent question was asked, and provided the appellant reserved the proper exception to the ruling.

The question propounded to the witness is as follows: "You may state, since turning over the goods to your brother in part payment for these notes, how you have been working."

The record shows that to this question the appellees, by counsel, objected, whereupon counsel for appellant

stated: "Inasmuch as that the defendants, The McElwaine-Richards Co., have placed their witnesses on the stand and they have testified concerning seeing Rial Benjamin in possession of the goods, and that they had noticed him in charge of and in possession, we now propose to show, by the witness on the stand, that he was there as an employe of Oscar P. Benjamin, and working for him, and that only as an employe."

The record further shows that "the court sustained the objection, to which ruling of the court the plaintiff, by counsel, at the time excepted."

We think the question propounded to the witness was a pertinent one. In response to it the witness could very properly have stated, we think, that since the turning over of the goods to his brother he had been working in connection with such stock of goods, as an employe of the appellant. It had been shown, by the appellees' evidence, that Rial Benjamin had remained in charge of the goods after the alleged transfer; in other words, that he had been working there. To ask him how he had been working, was not an improper assumption of facts for which there was no foundation in the evidence. The answer suggested above would have been responsive to the question, and it would tend to support the offer of proof made by appellant's counsel. We also think when appellant's counsel stated that he "now proposed to show, by the witness on the stand, that he was there as an employe of Oscar P. Benjamin," it was equivalent to stating that the witness would testify to such fact, in response to the question propounded to him. This ruling in no manner conflicts with the rules laid down in the cases cited by appellees, counsel. *City of Evansville* v. *Thacker*, 2 Ind. App. 370; *Smith* v. *Gorham*, 119 Ind. 436; *Board, etc.,* v. *Arnett*, 116 Ind. 438; *Harter* v. *Eltzroth*, 111 Ind. 159; *Higham* v. *Vanosdol*, 101 Ind.

160; *Judy* v. *Citizen*, 101 Ind. 18; *Over* v. *Schiffling*, 102 Ind. 191; *Whitehead* v. *Mathaway*, 85 Ind. 85; *Bake, Exrs.,* v. *Smiley, Admr.,* 84 Ind. 212.

We think the question asked the witness was pertinent and proper in form, and that the statement of appellant's counsel sufficiently indicated what testimony was expected to be elicited in response to the question. The testimony proposed was competent in rebuttal, as tending to prove that Rial Benjamin, after the alleged transfer of the goods, was in charge of the same, not under a claim in his own right, but as the agent or employe of his brother, the appellant. Whether such testimony, if it had been admitted, would or would not have led to a different result, or to what extent it might have influenced the jury, is not for us to say, but where competent and material evidence is improperly rejected, the presumption will be indulged that the ruling was harmful to the complaining party, unless the contrary is made to appear from the record. Elliott's App. Proced., section 670, p. 612, and cases cited.

It is our opinion that the court erred in the exclusion of this testimony, and, consequently, in the overruling of the motion for a new trial.

The other questions presented, not heretofore disposed of in this opinion, may not arise again upon another trial, and we need not, therefore, now determine them.

Judgment reversed.

Filed April 26, 1894.