SOURBIER, GUARDIAN *v.* CLAMAN.

[No. 15,095.   Filed March 30, 1936.]

680

*Rochford & Rochford, John G. Rauch, William H. Wemmer* and *Henry E. White,* for appellant.

*Claycomb & Stump, John F. Watkins, Leo Brown* and *George Staff,* for appellee.

CURTIS, C. J.—It was alleged in the complaint in this cause that the appellant, Nellie Sourbier, as guardian for Edward G. Sourbier, was appointed as such guardian on the 17th day of December, 1929, in a proceeding in the Marion Probate Court wherein the said Edward G. Sourbier, her husband, was declared to be mentally incompetent and that she thereafter qualified and was acting as such guardian. The complaint also charged that The Fletcher American National Bank of Indianapolis, Indiana, was a trustee of certain property placed in trust with it by the said Edward G. Sourbier and that said bank as such trustee was made a party to answer as to any interest which it might have as said trustee in the matters and things alleged in the complaint.

Both the said guardian as such guardian and the bank as such trustee were made parties defendant, but at the conclusion of all the evidence the plaintiff (appellee) dismissed his cause of action as to the trustee bank.

The further allegations of the complaint are substantially: that the appellee up until June, 1925, was a member of a co-partnership consisting of himself and his two brothers, which partnership operated three restaurants in the city of Indianapolis, including the one at 305 North Illinois Street, located in the building commonly known as the Wimmer Building, which was owned by the said Edward G. Sourbier; that said partnership had a written lease with the said Edward G. Sourbier for the premises in which the restaurant was

located in the Wimmer Building, which lease was for a five-year term beginning September 23, 1933; that during the said month of June, 1925, the appellee entered into negotiations with his two brothers looking toward the dissolution of said co-partnership, and the purchase by him of the interest of his two brothers in said restaurant in the Wimmer Building and the sale by him to his two brothers of his interest in the other two restaurants and that before the consummation of the said purchase and sale agreement between the appellee and his two brothers, all three had a conversation with the said Edward G. Sourbier relative to an extension of the term or the making of a new term for the lease on the said premises in the Wimmer Building; that at said time it was orally agreed between said Edward G. Sourbier and this appellee that a five-year additional term of said leased premises was thereby given to the appellee, and that as a part of said lease agreement it was also agreed that when a certain lease for another restaurant known as the Shane Restaurant in said building should expire, which would be some time in September, 1927, that the lease to said Shane Restaurant would be terminated so that the restaurant owned by the appellee in said building would be the only restaurant in said building; that after the said oral lease had been agreed upon between the appellee and the said Edward G. Sourbier, the appellee consummated his agreement with his brothers for the dissolution of the said co-partnership and for the purchase by him of his brothers' interests in the restaurant in the Wimmer Building and the sale by him to his brothers of his interest in the other two restaurants; that the purchase price which he paid for his brothers' interests in the said restaurant in the Wimmer Building was the sum of $17,500.00, which was made up by two items, to-wit: the $12,500.00 which he had paid for an interest in the said partnership (he having

become a partner some time after his two brothers had formed the original partnership) plus $5,000.00 in cash which he was to pay in excess of the $12,500.00 which he had in the business, making the said total of $17,-500.00; that the said Edward G. Sourbier knew of the arrangements that were being made between this appellee and his brothers and also knew that the appellee contemplated alterations in the Wimmer Building restaurant which included the building in of a specially built steam table, a refrigerating system, vegetable box, specially made draperies, changing in the plumbing and in the sewer, changes in the electrical wiring, redecorating and a general rehabilitation of the premises for restaurant purposes, all of which said improvements the appellee thereafter made; that when the lease expired in September, 1927, for the said Shane Restaurant which was in the said Wimmer Building, the said Edward G. Sourbier, in violation of his said agreement not to lease any part of said building for another restaurant and not to permit any other restaurant to be placed in said building, did at said time lease the room formerly occupied by the Shane restaurant to another restaurant and did permit said other restaurant to be opened in said building and that by reason of the said breach of said agreement the business of the appellee was practically destroyed by competition and ruined and that by reason thereof the appellee was damaged in the sum of $90,000.00.

To the appellees' complaint each original defendant filed answer in general denial and the cause was submitted to a jury for trial, resulting in a verdict for the appellee against the appellant herein in the sum of $10,000.00 upon which verdict judgment was rendered.

The appellant seasonably filed a motion for a new trial which was overruled with an exception and this

appeal prayed and perfected, the error assigned being the ruling on the said motion.

The motion for a new trial contains thirteen causes or grounds, the first six of which may be summarized as follows: The verdict of the jury is not sustained by sufficient evidence and is contrary to law and the assessment of the amount of the recovery is erroneous, being too large. Causes seven and eight each relate to alleged error in admission of certain evidence; causes nine and ten each allege error in the refusal of the court to strike out upon the motion of the appellant certain items of evidence. Cause eleven of the motion bases error upon the refusal of the court to give each of the instructions numbered 1, 2, 3, 4, 5, 6, and 7 tendered by the appellant; cause number 12 predicates error in the giving of each of instructions number 2, 3, 6, 7, and 8 tendered by the appellee, and cause number thirteen relies upon alleged error in the giving by the court of its own motion of each of instructions numbered 10, 11, 12, 13, 14, 15, 16, and 17.

Causes seven and eight of the motion present no questions for review for the reason that in no instance is the question or its substance stated nor is the objection or its substance stated, nor is there shown in the motion any exception to any of said rulings. Causes nine and ten of the motion present no questions for review, each being based upon a ruling on a motion to strike out certain items of evidence. It nowhere appears in said causes in the motion for a new trial as to what the motion to strike was or its substance nor does it appear therein what the question or its substance was which was propounded to the witness nor does the motion disclose except in a very meager way what the objectionable evidence was. The motion for a new trial does not disclose whether or not there was any exception to the ruling of the court on the motion to strike out. See the following cases: *Kenwood Tire Com-*

*pany* v. *Speckman* (1931), 92 Ind. App. 419, 176 N. E. 29; *Wabash Portland Cement Co.* v. *Stevens* (1931), 93 Ind. App. 208, 178 N. E. 5; *Eva* v. *State of Indiana* (1932), 203 Ind. 340, 180 N. E. 183; *Chicago National Life Insurance Co. et al.* v. *Sollaman, Gdn.* (1931), 99 Ind. App. 86, 187 N. E. 686.

As to the instructions the appellant in her brief, under propositions, points and authorities, has presented for review only the alleged error of the court in refusing to give appellant's instruction number 4 and the alleged error in giving each of the appellee's instructions numbered 2, 3, and 6, and alleged error as to the giving of each of instructions numbered 12, 15, and 16, given by the court of its own motion. It is needless to say that the alleged error as to other instructions which are not thus presented by the appellant are waived.

It is one of the appellant's contentions that under the statute of frauds the said oral lease relied upon by the appellee was void and the appellant especially relies upon the fourth and fifth clauses of the statute of frauds and perjuries which provide as follows:

"That no action shall be brought . . .

"4th. Upon any contract for the sale of lands.

"5th. Upon any agreement that is not to be performed within one year from the making thereof.

"Unless the promise, contract or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or by some person thereunto, by him lawfully authorized, excepting, however, leases not exceeding the term of three years." See: Sec. 8045, Burns 1926, §33-101, Burns 1933.

But it has been repeatedly held in this state that the fifth clause above quoted has no reference to contracts

concerning real estate. See *Railsback* v. *Walke* (1882), 81 Ind. 409, and the cases therein cited.

As we understand one of the appellant's contention in that regard, it is that the contract alleged in the appellee's complaint whereby the said Edward G. Sourbier agreed that the appellee should have the exclusive restaurant privileges in the Wimmer Building after the Shane restaurant lease expired should be considered to be severed from the lease contract, and if so severed it would then be governed by the fifth clause of the statute of frauds and perjuries above set out. We have found no evidence, however, upon which the jury could have found that the said agreement just mentioned was a separate agreement from the lease contract. In fact there is an abundance of evidence from which the jury could properly conclude that said agreement was a part of the oral contract for the leasing of the said premises. It is so charged in the complaint, and, we believe that there was competent evidence before the jury from which it could conclude that this agreement was a part of the general oral contract for the leasing of the said premises. Such being the fact clause five of the statute of frauds and perjuries above set out does not apply.

It has also been held that contracts within the fourth clause may, by a part performance, be taken out of the operation of the statute and that leases for more than three years may be in like manner, by a part performance, made effective as a basis for a cause of action or a defense. See *Railsback* v. *Walke, supra,* also *Hoppes* v. *Hoppes* (1921), 190 Ind. 166, 129 N. E. 629. The remedy is not limited to specific performance as contended for by the appellant. This would be especially true in the instant case by reason of the fact that the appellant's ward placed himself in a position whereby it was impossible for him to perform his con-

tract with the appellee to give him the exclusive restaurant privileges in the Wimmer Building when the Shane restaurant lease expired. Instead of keeping his contract in that respect he leased the Shane restaurant room to another restaurant and it was that act that forms the basis for the major amount of the appellee's damages. Manifestly specific performance was made impossible by the appellant's ward. The remedy then is in damages. The amount of damages recoverable would not be measured entirely by the enrichment of the appellant's ward by the improvements made to his property. The real damages to be measured are the damages that flow to the appellee as the proximate result of the breach.

The question then for determination is whether or not in the instant case there has been such a part performance under the oral lease pleaded as to take the case out of the statute of frauds. We think there has been. The evidence shows that the original lease agreement which was made to the partnership was made in 1922, and by its terms expired in 1927 and that the appellee in the instant case occupied such premises as tenant for more than two years after the expiration of said original five-year term. The evidence does not disclose that there was any assignment of the original lease by the partnership to the appellee who took over the Wimmer Building restaurant.

The appellee makes two contentions as to the lease either of which he contends would support the verdict. Briefly stated, the appellee contends that under the decisions in our state the relation that was created by the oral agreement between the appellee and the said Edward G. Sourbier resulted, by reason of part performance, in a least either for a new five-year term after the old lease expired or that it resulted at least in a tenancy from year to year. In discussing a somewhat similar

situation Judge Elliott in the case of *Wolke* v. *Fleming* (1885), 103 Ind. 105, 2 N. E. 325, held that the oral agreement under which the tenant entered into possession created some sort of a tenancy for the reason that the tenant did not enter as owner nor did he enter as a trespasser, but he was not called upon in that case to decide what kind of tenancy was thus created, but he held that the tenancy was not a tenancy at will and that it was either a tenancy under the contract or by force of the statute a tenancy from year to year. He also stated that it is difficult to conceive any reason why the doctrine of part performance should not apply to a lease contract to take it out of the statute of frauds.

It is our opinion, based upon the evidence and upon the authorities, that some sort of a tenancy was created in the instant case by reason of the oral lease and the part performance thereof. It is not necessary to a determination of this appeal for us to decide whether or not the tenancy was for the term agreed upon in the oral lease or was by force of the statute a tenancy from year to year. The fact remains that there was evidence before the jury from which it could correctly conclude that the appellee took possession of the premises under the said oral lease and held the same for more than four years with the knowledge and consent of the appellant's ward and that rent was paid and accepted and permanent, extensive and substantial improvements made under the belief that the oral agreement was a binding contract and constituted a lease and that from the nature of the improvements so made they would not have been made except upon the inducement of said lease. As previously pointed out, the evidence discloses no assignment of the old five-year lease to the appellee when the partnership was dissolved nor at any later time. It is our conclusion that the appellant's ward was bound by his agreements contained in the oral lease irrespective of whether or

not the term created thereby was for the term agreed upon in the oral lease or was by force of the statute a tenancy from year to year. His contract, therefore, for the exclusive restaurant privileges to the appellee in the Wimmer Building after the expiration of the Shane restaurant lease was a binding contract and its breach would entitle the appellee to appropriate damages.

An examination of the decisions of our own state and other states warrants the conclusion that, by a part performance, an oral lease for more than 3 years (this being the period fixed in Indiana) may be taken out of the statute of frauds. What facts will be held to constitute such a part performance must, of necessity, vary in each individual case. Certainly all writers will agree that the acts relied upon as constituting the part performance must be substantial and done as a part performance of the oral contract relied upon and not done under some other contract. That would seem to be elementary, but we believe that some apparent confusion in some of the cases can be attributed to a failure to keep clearly in mind this fundamental rule. We are not here concerned with an attempt to set down in detail what may be used as a proper measure of the part performance necessary to take all cases out of the operation of the statute. Each case must be considered separately but it may be safely said that the acts done must be clear and definite and unequivocal and they must be done clearly and exclusively under the contract relied upon and not under some other contract.

The terms and agreements of the oral lease relied upon were testified to by the two brothers of the appellee. The appellee, although present when the oral lease was made, was prevented from testifying, by reason of the statute which provides that "In all suits by or against any person adjudged to be a person of unsound mind and under guardianship, or against

his guardian, founded upon any contract with, or demand against his ward, or in any suit to obtain possession of the real or personal property of said ward, or to affect the same in any manner, neither party to said transaction shall be a competent witness to any matter which occurred prior to the appointment of said guardian. . . ." See Burns R. S. 1926, §557, §2-1721, Burns 1933. The appellant sought to invoke the statute as to the testimony of the two brothers of the appellee who were present at the conversation but who were not parties to the lease transaction and these objections were the basis of the ineffectual attempt on appellant's part to bring before us for review the rulings of the court permitting the brothers to testify as heretofore pointed out. The two brothers were clearly competent as witnesses.

The appellant, as heretofore pointed out, bases error upon the refusal of the court to give her tendered instruction number four which was to the effect that if the jury found that the contract of the appellant's ward to give the appellee the exclusive privilege of operating the restaurant in the Wimmer Building was not to be performed within one year, then their finding should be for the appellant.

From what has been previously said in this opinion it will be observed that it would have been error for the court to have given the tendered instruction for the reason that the fifth clause of the statute of frauds and perjuries relating to contracts not to be performed within one year from the making thereof has no application in the instant case.

It is next contended by the appellant that the court erred in giving the appellees' instruction number two. The objection made by the appellant to this instruction is that the court told the jury that a part performance of a contract which was within the statute of frauds may take the contract out of the

statute of frauds and make it enforceable in all respects. It is the further contention of the appellant that part performance at most can be but the basis for specific performance. The appellant is in error in this respect as heretofore pointed out. The same objection in a different form was made to the appellee's instructions three and six.

Instructions numbered twelve and fifteen given by the court on its own motion were also attacked by the appellant upon much the same ground as the instructions above mentioned. The appellant next attacks instruction number sixteen given by the court upon its own motion, which has to do with the measure of damages. In our opinion the instruction correctly stated the law. It is the appellant's contention that the damages would of necessity have to be limited to the enrichment, if any, of the appellant, by reason of the improvements made and that damages for loss of income and business by reason of the breach of contract could not be considered.

We think the contract when taken out of the statute of frauds by part performance would form the basis for a suit for the breach thereof and that the damages which naturally and proximately flow from such a breach would be allowable. We have found no reversible error in any of the instructions.

From what has been previously said it is apparent that we believe the verdict of the jury was sustained by sufficient evidence and that it is not contrary to law. There is ample evidence to sustain the amount of the verdict, therefore, there is no error in the assessment of the amount of the recovery.

We have found no reversible error. The judgment is affirmed.