DENMURE *v.* BRAY

[No. 16,292. Filed May 10, 1940.]

*Charles A. Lowe* and *Estal G. Bielby,* both of Lawrenceburg; and *Hartell F. Denmure,* of Aurora, for appellant.

*Crawford A. Peters,* of Aurora, for appellee.

DUDINE, J.—This is an appeal from a judgment for defendant (appellee here) in an action instituted by appellant against appellee to recover damages for personal injuries and to recover property damages allegedly suffered by appellant as the result of a collision between appellant's automobile, which appellant was driving, and an automobile then being driven by appellee.

The complaint was in two paragraphs, the first seeking damages for the personal injuries and the second seeking to recover for damages to appellant's automobile. The issues were closed by an answer in general denial.

The record shows that this cause has been tried by a jury three times. The first jury failed to agree upon a verdict. The second jury returned a verdict for plaintiff "that he is entitled to recover of and from the said defendant, Alma Bray, the sum of $50.00 on account of personal injuries as alleged in the first paragraph of complaint, and the further sum of $50.00 on account of damages to his automobile as alleged in the second paragraph of complaint . . ." Judgment was rendered upon said verdict and thereafter appellant filed a motion for new trial in which appellant contended, in effect, that there was error in the assessment of the amount of recovery, the same being too small. The trial court sustained said motion for new trial. The third jury returned a verdict for defendant. Judgment was rendered upon that verdict. It is from that judgment that this appeal is taken.

There is but one error assigned upon appeal and that is claimed error in overruling a motion for new trial which was filed by appellant.

Causes for new trial numbered 3A, 3B, 3C and 3D, which are discussed in appellant's brief under the head-

ing "Propositions and Authorities" relate to the admission of evidence over objections by appellant. None of said causes for new trial, as set forth in the motion therefor, state whether or not the question objected to was answered and none of said causes for new trial state what such answer was, if any. On authority of *Kenwood Tire Co.* v. *Speckman* (1931), 92 Ind. App. 419, 176 N. E. 29 (followed in *Sourbier, Gdn.* v. *Claman* (1935), 101 Ind. App. 679, 200 N. E. 721, and in *Eno* v. *Sharpsville Bank, Admr.* (1937), 104 Ind. App. 176, 8 N. E. (2d) 89) we hold that no question is presented under any of said assigned causes for new trial.

Cause for new trial numbered 3E is based upon the sustaining of appellee's objection to a question propounded to a witness (defendant below) on cross-examination. The question inquired about certain details of the situation which existed at the time and place of the collision.

The extent to which a witness may be cross-examined is necessarily a matter which must be left to the discretion of the trial court. There is an abundance of evidence in the record, introduced by both parties, concerning the details inquired about in said question. The record does not show an abuse of discretion by the trial court in sustaining the objection to said question.

Cause for new trial numbered 3F is stated as follows: "The court erred in sustaining the following questions propounded to the witness, William Race, upon his cross-examination by the plaintiff and in unduly limiting the scope of the cross-examination of said witness by the plaintiff as follows: (Here follow two questions with answers and then a question followed by 'Defendant objects. Objection sustained. Exception.')"

The question which was objected to inquired about a matter which was clearly irrelevant to the issues involved in this case. The record shows that appellant was given a fair opportunity to cross-examine all of appellee's witnesses and that the trial court did not abuse its discretion in limiting the scope of the cross-examination of appellee's witness.

Appellant contends, in support of each of the assigned causes for new trial, that the verdict is not sustained by sufficient evidence and that the verdict is contrary to law, that "the whole record in this case presents a picture which shows a wilful and persistent attempt upon the part of the defendant's counsel to inject prejudicial and incompetent matters and things before the jury." The conduct complained of consists of the asking, by appellee's counsel, of "numerous" questions on cross-examination, which questions, appellant contends, were improper. Some of the questions were objected to by appellant and the objections were sustained; the other questions were not objected to by appellant. Said contention of appellant, which is in effect a contention based on misconduct of appellee's counsel, is not presentable under the assigned cause for new trial that the verdict is not sustained by sufficient evidence or under the assigned cause for new trial that the verdict is contrary to law.

The evidence shows that the collision occurred at a street intersection in the City of Lawrenceburg, Indiana. The evidence as to negligence on the part of the appellee and as to contributory negligence on the part of the appellant is conflicting. There is evidence in the record which would sustain a finding by the jury that appellant was guilty of contributory negligence which proximately caused the collision. The

verdict is not contrary to the principles of law applicable to this case.

Appellant assigned as causes for new trial the giving of each of instructions numbered 17, 23 and 24 to the jury. Instruction numbered 17 was, in effect, the statutory definition of the term "reckless driving"; instruction numbered 23 referred to and quoted an ordinance of the City of Lawrenceburg, which had been introduced in evidence, and which governed traffic at the street intersection where the collision occurred. Said instruction also informed the jury that if either the plaintiff or the defendant failed to comply with the provisions of said ordinance then the jury "is justified in finding such person guilty of negligence." Instruction numbered 24 was to the same general effect as instruction numbered 23.

Appellant contends, in effect, that none of said instructions were applicable to the evidence. Such contention is not tenable. Each of said instructions was clearly applicable to the evidence and each of them was a proper instruction.

No reversible error having been shown the judgment is affirmed.

NOTE.—Reported in 27 N. E. (2d) 135.