CONTINENTAL ASSURANCE COMPANY V. KRUEGER

[No. 17,472. Filed April 26, 1946. Rehearing Denied May 21, 1946. Transfer Denied October 3, 1946.]

694

*Tuthill, Williams & Williams,* of Michigan City, *George F. Stevens,* of Plymouth, and *R. C. d'Autremont,* of Chicago, Illinois, for appellant.

*Gleason & Gleason,* and *Francis G. Fedder,* all of Michigan City, and *Marshall F. Kizer,* of Plymouth, for appellee.

FLANAGAN, C. J.—This action was brought by the appellee to recover as beneficiary of a policy of life insurance issued by appellant on the life of her husband, Elmer T. Krueger. Appellant defended on the grounds, (1) of fraudulent representation in the application, and (2) suicide by the insured within the period when under the terms of the policy self-destruction relieves the company from liability.

The verdict of the jury was for appellee and judgment was rendered on the verdict. Error is here predicated upon the overruling of appellant's motion for a new trial which assigns as causes that (1) the verdict of the jury is not sustained by sufficient evidence, (2) the verdict of the jury is contrary to law, (3) the court erred in refusing to direct a verdict for appellant, and (4) the court erred in the giving and refusing of certain instructions.

In the application for insurance which is dated March 17, 1942, the following question was asked: "What physicians have you consulted in the past ten years?

Why?" To said question the decedent made the following answer: "No attendance during that time." Appellant says this constituted a false representation as to a material fact.

We need not give consideration to the question as to whether the representation was as to a material fact. The burden was upon appellant to prove that the representation was false, *The Northwestern Mut. Life Ins. Co.* v. *Hazelett* (1885), 105 Ind. 212, 4 N. E. 582, and this burden it did not sustain. There is evidence that at some time prior to the signing of the application the decedent was attended by a physician, but witnesses who testified concerning the occurrence could not remember the year in which it took place, and we find no evidence which clearly places it within the period of ten years prior to March 17, 1942.

The policy of insurance contains the following provision: "In event of self-destruction, while sane or insane, within two years from the date of execution of this policy, the liability of the company shall be limited to an amount equal to the premiums actually paid on this policy." Appellant contends that decedent committed suicide within two years after the issuance of the policy and therefore under the above clause the company's liability was limited to an amount equal to the premiums actually paid.

Appellant had the burden of its affirmative answer of suicide. *Sovereign Camp Woodmen of the World* v. *Porch* (1915), 184 Ind. 92, 110 N. E. 659; *Modern Woodmen of America* v. *Craiger* (1910), 175 Ind. 30, 92 N. E. 113, 93 N. E. 209. The essential facts as disclosed by the evidence in this case are the same as related in the case of *Metropolitan Life*

*Ins. Co.* v. *Glassman* (1946), 224 Ind. —, 70 N. E. (2d) 24. There is no need to repeat them here. In our opinion they do not impel the inference that the decedent's death was the result of self-destruction.

Appellant contends the court erred in failing to give certain instructions tendered by it. Some of these instructions are based upon the theory that the burden was upon appellee to show that decedent's death was not suicidal. As we have above indicated such was not the burden. The defense of self-destruction was an affirmative defense and the burden upon that issue was on appellant.

The balance of appellant's instructions so refused by the court are based upon the theory that appellee was required to prove that decedent's death was accidental. There was no such requirement. The policy in question is not an accident policy. It has no double indemnity for accidental death. There is no provision in it which concerns accident. It is a life insurance policy only.

Finally appellant complains of the following instruction given by the court at the request of appellee:

"If you find for the plaintiff then I instruct you to return a verdict for the plaintiff in the sum of $2,000 to which you shall add interest at the rate of six per cent per annum from July 23, 1943." The above instruction has to do entirely with the amount of recovery. In order to present any question as to the amount of recovery error in the assessment of the amount of recovery must be assigned as cause for a new trial. *Pittsburgh, etc., R. Co.* v. *Macy* (1915), 59 Ind. App. 125, 107 N. E. 486; *City of Terre Haute* v. *Webster* (1942), 112 Ind. App. 101, 40 N. E. (2d) 972. This appellant has failed to do and it must therefore

698

be deemed to have waived error, if any, in the above instruction.

Judgment affirmed.

NOTE.—Reported in 66 N. E. (2d) 133.