HUNTINGTON POST NO. 7, THE AMERICAN LEGION *v.* ARNOLD

[No. 18,328. Filed December 11, 1952.]

*Lee M. Bowers, Arthur J. Palmer* and *Bowers, Feightner & Palmer*, all of Huntington, Indiana, *Robert Gates* and *Gates & Gates* of Columbia City, for appellant.

*Claude Cline,* of Huntington, and *John W. Whiteleather,* of Columbia City, for appellee.

WILTROUT, J.—Appellee brought this action to recover for services rendered appellant in performing labor and in supervising the remodeling of appellant's home. The complaint alleges that on or about February 1, 1949, appellee "was requested to submit a proposition as to basis upon which he would undertake said work of remodeling the same upon an hourly basis and on the basis of supervising remodeling according to plans to be furnished by said defendant. That on or about said date, this plaintiff submitted a proposal, in writing, to the effect that he would do so at a hourly rate of $2.50 plus 5% on cost of material and labor, not including any percentage on his own labor and not including labor and material on electric wiring, plumbing and heating . . . Plaintiff further says that after the submission of said proposal to so perform said

work, this plaintiff was called into conference and was verbally told that said defendant had accepted the proposition and that he should proceed with the said work."

The total of the amounts paid for labor and materials was stipulated. Appellant by its answer admitted that it agreed to hire appellee at $2.50 per hour. The principal dispute was as to whether there was any agreement to pay appellee anything at all in addition to the $2.50 per hour.

Evidence was introduced that the handwritten proposal was given to the chairman of appellant's building committee. The proposal itself was not introduced in evidence, there being evidence that it was left in the hands of appellant. Appellee's motion to require appellant to produce the proposal was sustained. Appellant did not produce it, and oral evidence was admitted in proof of its contents. There was further evidence that appellee and a Mr. Diamond later met with the building committee at the Legion Home, and the proposal was lying on the table. The 5% was discussed. Appellee was asked if he would take the job at the rate proposed. He answered in the affirmative and was told to go ahead with the job. This evidence was in sharp conflict with that adduced on behalf of appellant. Nevertheless there was ample evidence from which the jury could properly conclude that there was a written proposal or offer which was accepted by appellant.

Error is claimed in the giving of appellee's instructions Nos. 2, 4, and 5.

Objection was made to instruction No. 2 that it assumes that a contract was entered into by and between the parties; that it does not fully cover the issues in the case, and is mandatory in form. This instruction is similar to one given in the

case of *Wells* v. *Morrison* (1883), 91 Ind. 51. It discusses the defense of payment and concludes:

> "Should you believe from the evidence that there was a valid contract between the parties and that the defendant paid the whole of the money due on the contract and agreement between the plaintiff and the defendant, then your finding should be for the defendant; but if you should believe from the evidence that there was a valid contract between the parties and that the defendant only paid a part of the amount due under the contract and agreement, then your finding should be for the plaintiff in the amount of the principal and interest due the plaintiff in such sum as is remaining unpaid, but in no event more than $3,750.00, the amount prayed for."

This instruction clearly is not subject to the objection that it assumes that a contract was entered into by and between the parties. On the contrary, it is specifically limited to the situation which would exist should the jury believe from the evidence that there was a valid contract between the parties. The mere fact that an instruction is mandatory in form does not render it erroneous. Appellant does not attempt to inform us either by its objection to the instruction or by its brief as to what, if any, essential element was omitted from the instruction, and hence no error is shown.

Objection was made to Instruction No. 4 that it assumes a contract was entered into between the parties, and that it is mandatory in form. The objection is not tenable. The jury was instructed as to the law "if you find from the preponderance of the evidence that a contract existed between the plaintiff and defendant concerning the subject matter of this suit as alleged in the complaint. . . ."

Instruction No. 5 is an instruction dealing entirely with the assessment of the amount of recovery. Error in such assessment is not assigned as one of the causes in the motion for new trial. The appellant must therefore be deemed to have waived error, if any, in this instruction. *Continental Assurance Co.* v. *Krueger* (1946), 116 Ind. App. 693, 66 N. E. 2d 133; *City of Terre Haute* v. *Webster* (1942), 112 Ind. App. 101, 40 N. E. 2d 972; *Pittsburgh, etc., R. Co.* v. *Macy* (1915), 59 Ind. App. 125, 107 N. E. 486.

Error is claimed in the admission of certain testimony. The court permitted testimony to be given over appellant's objection: (a) as to who held the contract for the wiring and lighting performed in the remodeling, as well as the heating and plumbing contracts; (b) that appellee had conferences with materialmen; (c) the number of men employed under appellee's supervision; (d) that other work was going on with reference to plumbing, heating and wiring while appellee was working; (e) what appellee understood his duties to be. It is appellant's argument that there was only one issue in the case, that is, was there a contract such as plaintiff alleged in his complaint? It is true that the parties stipulated the amounts of the materials used and the amounts paid for labor. Nevertheless, by its answer, appellant denied that appellee performed all the work and services as alleged in his complaint. This evidence was proper as bearing on appellee's performance of the contract.

The treasurer of appellant's building committee testified by deposition. On direct examination he testified that he was present at the meeting of the building committee with appellee. This meeting, the evidence shows, was held between a year and a half and two years prior to the taking of the deposition. When asked whether

anything was said at the meeting about compensation in addition to $2.50 per hour he answered, "No, not to the best of my knowledge and recollection." After testifying on cross-examination as to who held the contracts for the plumbing and heating he was allowed to answer on cross-examination the questions: "What was the basis of that contract?" As to the plumbing contract he answered: "Cost plus but I again do not recall the percentage of the contract." As to the heating contract he answered: "It was a part of the plumbing as I recall and was on the same basis." The objection was that, "This is wholly outside the issues and has nothing whatsoever to do with the contract between the plaintiff and defendant Legion Post and has nothing to do with the contract on which plaintiff seeks to recover in this case."

The latitude and control of cross-examination rests largely in the sound discretion of the trial court, and a clear abuse of such discretion must be shown in order to constitute reversible error. *Denmure* v. *Gray* (1940), 108 Ind. App. 60, 27 N. E. 2d 135; *Craig, Exrx.* v. *Citizens Trust Company* (1940), 217 Ind. 434, 26 N. E. 2d 1006; *Piggly-Wiggly Stores* v. *Lowenstein* (1925), 197 Ind. 62, 147 N. E. 771; *Ledford et al.* v. *Ledford* (1884), 95 Ind. 283. A cross-examiner may propound questions to investigate the situation of the witness with respect to his memory and knowledge of the witness concerning the matters to which he testifies and in so doing is not limited strictly to the specific facts to which he testified on direct examination. *Lavengood* v. *Lavengood* (1947), 225 Ind. 206, 73 N. E. 2d 685; *Boyle* v. *The State* (1886), 105 Ind. 469, 5 N. E. 203; *Hyland* v. *Milner et al.* (1885), 99 Ind. 308. The questions here related to contracts made near the same time as appellee's con-

tract and covering a part of the same remodeling project.

The fact that appellant made other contracts with other persons on a cost plus basis would not tend to prove that the contract with appellee was such as appellee asserts. It was appellant's privilege to make as many and as varied contracts as it could. *Evans* v. *Koons* (1894), 10 Ind. App. 603, 38 N. E. 350; *Shell Petroleum Corp.* v. *Earnest* (1933), 97 Ind. App. 483, 187 N. E. 211; *Feichter* v. *Swift* (1922), 77 Ind. App. 427, 132 N. E. 662; *Wacker* v. *Essex* (1918), 67 Ind. App. 584, 119 N. E. 466; *Featherstone, etc., Mach. Co.* v. *Criswell* (1905), 36 Ind. App. 681, 75 N. E. 30.

Appellant might well have requested an instruction limiting the application of this testimony, but it did not see fit to do so. *Denny* v. *State* (1921), 190 Ind. 76, 129 N. E. 308; *Benjamin* v. *McElwaine-Richards Company et al.* (1894), 10 Ind. App. 76, 37 N. E. 362; *Smith et al.* v. *Meiser, Guardian* (1894), 11 Ind. App. 468, 38 N. E. 1092.

We conclude that the court did not abuse its discretion in permitting this cross-examination.

Judgment affirmed.

NOTE.—Reported in 109 N. E. 2d 98.