HOOK ET AL. v. DORSAM, ADMINISTRATRIX, ETC.

[No. 19,930. Filed February 27, 1964.]

*Hasting & Allen, Arthur W. Allen, J. Lloyd Fitzpatrick, Robert O. Chambers, Philip D. Waller*, all of Washington, *Weyerbacher, Lacey & Rideout* and *Kenneth W. Weyerbacher*, of Booneville, for appellants.

*Mellen & Mellen*, of Bedford, and *Leslie H. Hendrickson*, of Booneville, for appellee.

MOTE, J.—This is an appeal from a judgment entered by the Warrick Circuit Court on a jury verdict of eighteen thousand ($18,000.00) dollars which was returned in an action brought by appellee as administratrix of the estate of Clipsy Frank Dorsam, deceased, for the wrongful death of the deceased and for property damage to a truck owned by said Dorsam.

The litigation was commenced in the lower court when the appellee filed a complaint which alleged, in part, that appellant Crooks, agent of appellant Hook, carelessly and negligently drove a truck across the center line of U. S. Highway 41 into the path of the decedent's oncoming vehicle and into and against the left side of decedent's vehicle, thereby causing the collision and the resulting death and property damage. Trial was had and the said verdict and judgment resulted. Appellants filed a motion for new trial, which was overruled by the trial court.

Appellants' only assignment of error in this Court, which is argued, is that the trial court erred in overruling the said motion for new trial. They contend, under the said motion, that the verdict of the jury is not sustained by sufficient evidence and that said verdict is contrary to law.

The evidence most favorable to appellee discloses that the deceased, Dorsam, was, on July 14, 1953, driving his truck in a northerly direction over U. S. Highway 41. Appellant Crooks was driving a tractor-trailer rig in a southerly direction over the said U. S. Highway 41. The two vehicles collided and the death and property damage complained of resulted.

The evidence also discloses that, prior to the collision, the truck driven by appellant Crooks had veered over from the right lane of traffic into the left lane, while another vehicle was attempting to pass.

Splintered boards, mud, and other debris were lying on the highway after the collision. The evidence tended to show that the said boards, mud, etc. were lying on the center line and to the east side of center line. The east lane, of course, is the right-hand lane for northbound traffic. There was further evidence that the appellant's truck had mud on it.

This evidence, and permissible inferences to be drawn therefrom, is sufficient to support the jury verdict, since the jury could have concluded that appellant's truck crossed the center line into the east lane and that the collision occurred there.

Appellants contend, however, that the jury is precluded from drawing an inference from circumstantial evidence, since appellant Crooks, the only surviving eye witness, testified that his truck did not cross the center line, thereby causing the accident. We cannot agree with this contention in this particular case. See *Whitaker, Admr.* v. *Borntrager* (1954), 233 Ind. 678, 122 N. E. 2d 734, wherein it is stated:

" . . . When all the known physical conditions and circumstances surrounding an accident are

proved as in this case and there are legitimate inferences that naturally flow therefrom that by a fair preponderance might convince reasonable persons that the collision was caused by defendant's negligence as alleged, while other equally reasonable persons might not be so convinced thereby a situation exists for solution by the jury only under proper instructions from the court. . . . "

The jury could have disbelieved Crooks' testimony. We cannot say that the jury could not so do. Two witnesses testified that Crooks said, immediately after the accident, he did not know how the accident occurred. This testimony was not rebutted or denied. Therefore, when Crooks gave a detailed account of the collision at the trial, many years later, the jury was presented with circumstances which would warrant it in disbelieving his testimony.

Appellants further assert that error occurred when the trial court refused to exclude from evidence certain questions and answers which tended to prove that the left front fender of appellant's truck was damaged in the collision. Appellants contend that the questions were leading and the answers were opinions or conclusions of the witness. It appears, however, that at least two other witnesses testified that the left front fender of said truck was damaged. We think, therefore, that the evidence in question was merely cumulative and the error, if any, was harmless. The admission of improper evidence is harmless when the fact thereby sought to be shown is established by other evidence which is competent. *Bercot* v. *Velkoff* (1941), 111 Ind. App. 323, 41 N. E. 2d 686; *Roesner* v. *American Car & Foundry Co.* (1937), 104 Ind. App. 55, 5 N. E. 2d 688; see also *Ft. Wayne Transit, Inc.* v. *Shomo* (1957), 127 Ind. App. 542, 143 N. E. 2d 431;

*Chrysler Corp.* v. *Bolser* (1936), 102 Ind. App. 310, 200 N. E. 417.

Appellants also assert error by the trial court when it overruled a motion to strike out parts of depositions which were filed, prior to trial, of Floyd F. Carpenter and Robert A. Collins. Appellee contends that the question is not properly before this Court since the motion was not renewed at trial. The case of *Indiana Steel Products* v. *Leonard, Admrx., etc.* (1954), 124 Ind. App. 592, 601, *On Petition for Rehearing,* 118 N. E. 2d 374, contains the following:

"... Where a motion to suppress is overruled before trial it is not necessary to renew the motion when the deposition is offered at the trial. *Rooker* v. *Rooker et al.* (1882), 83 Ind. 226. The deposition, motion and ruling are a part of the record without a bill of exceptions. ..."

The instant case, however, does not come within the principle set forth above. The record does not contain any rulings by the trial court on the motions to strike, nor is there any showing that the motions were ever called to the trial court's attention before the trial. The appellant, then, proceeded to trial without procuring rulings on his motions and we must presume that appellant had knowledge of the absence of rulings. We think, therefore, that any error committed by reading the depositions into evidence was waived.

Appellants further contend that certain instructions submitted by appellee were defective in that elements were omitted therefrom and, therefore, appellants assert that reversible error was committed by the trial court when the said instructions were given to the jury. Appellants objected to the instructions in the following manner:

"The defendants object to the giving of Plaintiff's Instruction #4 for the reason that this instruction is mandatory. It says that under certain circumstances stated in that instruction that the finding should be for the plaintiff and the instruction fails to state all of the necessary elements in order that there be a finding for the plaintiff."

Indiana holds that objections to instructions must be specific as to the particular instructions. If an element is omitted so that the statement of law is incomplete, the objection must specify which element is omitted. *Love* v. *Harris* (1957), 127 Ind. App. 505, 143 N. E. 2d 450; *American Legion* v. *Arnold* (1952), 123 Ind. App. 160, 109 N. E. 2d 98; *Westfield Gas Corporation* v. *Hill* (1960), 131 Ind. App. 558, 169 N. E. 2d 726. The objections made in the trial court, as set out above, do not meet the standard as to specificity. Therefore, we may not consider the alleged error.

Appellants finally assert error in giving an instruction which included portions of §47-2010, Burns' 1952 Replacement, which was in effect at the time of the accident. The pertinent part of the said statute reads as follows:

"47-2010. Drive on right side of roadway—Exceptions—Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway except as follows:

1. When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement;
2. When the right half of a roadway is closed to traffic while under construction or repair;
. . ."

[Acts 1939, ch. 48, §61, p. 289.]

Appellants contend that instruction is not applicable to the instant case. We disagree with this contention. We

think the respective parties did, under the statute, have a duty to drive their vehicles upon the right half of the roadway, unless one of the two exceptions in the statute was applicable. We see no error in giving the said instruction.

Affirmed.

Hunter, P. J., Kelley and Pfaff, JJ., concur.

NOTE.—Reported in 196 N. E. 2d 416.