ENO ET AL. *v.* THE SHARPSVILLE BANK, ADMINISTRATOR.

[No. 15,523. Filed May 5, 1937. Rehearing denied October 15, 1937.]

*George C. Uhlir,* and *Jesse W. Calhoon,* for appellants.

*Overson & Manning,* and *Gifford & Gifford,* for appellee.

KIME, J.—John A. Hoyer died, intestate, on December 25, 1925, the owner of two hundred eighty acres of land in Tipton County, upon which there were two mortgages, one for $16,000.00 on a tract of two hundred forty acres and one for $2,000.00 on the remaining forty acres. Decedent left him surviving as his sole and only heirs at law his wife, Albina, and their five children, Maude, Victoria, Albert, Fred, and Augustus.

The Sharpsville Bank was the administrator of his estate and the real estate herein was never partitioned. The mother and all the children together farmed the land in an effort to reduce the mortgage indebtedness thereon. The father's estate was eventually settled but income from the farm was still carried in the bank under an account designated as the John A. Hoyer estate.

Following the mother's death letters of administration on her estate were issued to the Sharpsville Bank. Shortly thereafter all of the children agreed by written contract that the administrator should postpone the sale of the personal property and that the "entire proceeds of all the personal property shall be delivered to

the administrator and the proceeds to be used by it in the payment of the debts of said Albina Hoyer so far as the same will go towards paying the same." This contract was entered into on March 16, 1929. Sometime later the sale was had but the children continued to farm the property and did so until sometime in the year 1931. During this time the income from the farm was paid into the account as above set out and the administrator paid therefrom the expense of the operation of the farm, taxes, interest on the mortgages and notes and other debts contracted in the operation thereof and which were left from the mother's estate.

On July 6, 1931, the administrator of the estate of Albina Hoyer, deceased, filed a current report. On September 15, 1931, the heirs, being desirous of selling the real estate involved, executed a power of attorney to James L. Romack, president and trust officer of the administrator, Sharpsville Bank, which is as follows:

"Know all men by these presents that Victoria G. Meyer and William G. Meyer, her husband, Buhl H. Hoyer and Marie Hoyer, his wife, Albert A. Hoyer and Rosa Hoyer, his wife, Maude M. Eno and Thomas J. Eno, her husband, each over the age of twenty-one (21) years have made, constituted, and appointed, and by these presents do make, constitute and appoint James Romack, their attorney-in-fact for us and in our name, place and stead to sell and convey the following real estate in Tipton County, Indiana, to wit: The southeast quarter (¼) of Section one (1), Township twenty-two (22), Range three (3) east; the north one-half (½) of the northeast quarter (¼) of section twelve (12), Township twenty-two (22), Range three (3) east; also, the northeast quarter (¼) of the northwest quarter (¼) of aforesaid section twelve (12). That our attorney-in-fact may sell said lands in parcels, or as a whole and on such terms, prices, and payments as

he thinks is to the best interest of the owners of said land. That he shall have power to execute any and all deeds necessary therefor and thereto. To furnish abstracts of titles to purchasers, and if there be any defects in any title to prosecute and maintain in his own name any suits that may be necessary to perfect such titles. That he shall have the power, when any of said land is on credit, to accept mortgage security or other security on such deferred payment as he thinks will secure the payment of such deferred payment. That he shall have the power to prosecute any suit in his own name, to collect the lien or money due on the purchase price of said land, and to enforce any right or claim growing out of such sale, and upon the payment of any mortgage or judgment for any of the purchase price, he is hereby authorized to receipt such judgment or mortgage and satisfy the same. That the only limitation of his power of sale are as follows, to wit: That if said lands are sold in bulk the minimum price is fixed at $27,000.00. If sold in parcels, the first and second tract above described at not less than $100.00 per acre, estimating that there is 160 acres in the first tract, and 80 acres in the second tract, and that the third tract above described shall not be sold for less than $75.00 per acre, said tract estimated at 40 acres. That, whereas all above tracts of land are liable by reason of endorsements and obligations of the various parties hereto for the payment of debts due from the estate of Albina Hoyer and the estate of Fred Hoyer and the estate of Augustus H. Hoyer, and whereas the Sharpsville Bank of Sharpsville, Indiana, is administrator of each of these estates pending in the Tipton Circuit Court. We, therefore, authorize and direct that our said attorney-in-fact turn over to and deliver all moneys received on said land to the said administrator of said several estates to be applied in the settlement of said estates,

and that upon the settlement of each of said estates, after discharge of our several liabilities to the creditors of said estates and the payment of cost in the settlement thereof, whatever remains of the purchase money of this real estate shall be distributed to us as our equities and interests shall there appear.

"Giving and granting unto our said attorney-in-fact full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises as fully to all intents and purposes as we might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that the said attorney or his substitutes shall lawfully do or cause to be done by virtue thereof, and we hereby fix the fees of the attorney-in-fact at $75.00 on the sales, completed by him under this power of attorney.

"In Witness Whereof, we have hereunto set our hands and seals this 15 day of September, in the year one thousand nine hundred and thirty-one. Sealed and delivered in the presence of

> (Signed)   MAUDE M. ENO,
>            THOMAS J. ENO,
>    X  MARIE HOYER,
>        ALBERT A. HOYER,
>        ROSA HOYER,
>        VICTORIA G. MEYER,
>        W. G. MEYER,
>    X  BUHL H. HOYER."

This instrument was properly acknowledged and recorded, both of which are disclosed by the record.

Romack sold this land and turned the money over to the bank.

On February 18, 1933, the administrator of the estate of Albina Hoyer, deceased, filed its final report. On

March 22, 1934, the appellant, Maude Eno, filed exceptions to the current and amended final report, objecting to a payment shown in the amended final report of $2,083.83 which was for a note given to the Sharpsville Bank by Albina, Augustus, Fred and Albert Hoyer for purchase of farming implements from the estate of John Hoyer, deceased, and to the 14th item of the amended final report which was a note given by the Sharpsville Bank, administrator, to Albert A. Hoyer for money borrowed from him by the administrator to pay interest in the amount of $456.13 and to item 7 of the current report which showed an expenditure of $49.77 to A. H. Hoyer for labor and to item 8 of the current report which showed an expenditure of $47.25 to A. H. Hoyer for labor and to items 9, 17, 20, and 55 in the current report of the administrator which were as follows:

Sharpsville Bank, interest on notes............$   164.61
The Sharpsville Bank to pay note................   339.74
The Sharpsville Bank, interest on notes....   130.36
The Sharpsville Bank, to pay notes
  and interest ........................................... 2,195.44

On March 28, 1934, the appellant, Victoria G. Meyers, filed objections and exceptions to the amended final report of the administrator. She objected to the payment of the $2,083.83 note and she also excepted and objected to the payment of $500.00 made by the administrator in the compromise of a claim against her deceased brother Augustus' estate wherein the First National Bank of Tipton had filed a claim in that estate to recover on a $1,500.00 note and mortgage held by it against the estate of said Angustus. She also contended that the amount of $8,918.46 was not distributed correctly by the said administrator. Upon these reports and exceptions thereto the cause was heard by the Tip-

ton Circuit Court, who, after hearing the evidence, approved the reports of the administrator.

Following the approval of these reports a motion for a new trial, alleging that the decision was not sustained by sufficient evidence and was contrary to law was filed and overruled. The overruling of this motion is the error relied on here.

As to the $49.77 and $47.25 items paid to A. H. Hoyer for labor there is sufficient evidence to show that these items were paid for labor which the said A. H. Hoyer had rendered to the estate. There is also evidence that all of the other heirs, with the exception of Victoria, at times received money for their labor from the administrator.

The evidence conclusively shows that all of the heirs made an earnest effort to farm the property and reduce the indebtedness with the idea of eventually owning the property free and clear of the indebtedness, but finally realizing that this could not be done the power of attorney above set out was executed. This power of attorney gave authority to the administrator to settle the two most highly controversial items—the $2,083.83 note and the $500.00 compromise. This $2,083.83 note was given by the mother and three of the children to purchase personal property which was for use on the farm, which personal property they purchased at the sale held following John Hoyer's death and was used by them in an attempt to make the property pay out. The power of attorney specifically gave to the administrator the authority to apply the money received on the sale of the real estate in the settlement of not only the mother's estate but also the estates of her two deceased sons, which were then pending in that court and in all of which estates the Sharpsville Bank was administrator.

As to items 9, 17, 20, and 55 of the current report

there was evidence from which the court was warranted in concluding as he evidently did that this money was used to pay the legitimate expenses incurred in the operation of the farm to which all of the heirs assented and to which expenditures there is no legitimate reason why they should not have been paid in the settlement of the estate. All of these disputed items were legitimate claims against the estate and none of the heirs were harmed by the payment of them.

No reversible error having been shown the judgment of the Tipton Circuit Court is affirmed.

Wood, C. J. and Dudine J. concur in result.